SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
Jeffrey D. Lewin, SBN 68202
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for METABO CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>METABO CORPORATION, a Delaware Corporation; METABOWERKE GMBH A German Corporation; and DOES 1-100,<br><br>Defendants. | Case No. 08-cv-0304 BTM CAB<br><br>**DEFENDANT METABO CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY THE LITIGATION PENDING REEXAMINATIONS OF U.S. PATENT NO. 4,935,184**<br><br>Date:        June 20, 2008<br>Time:        11:00 a.m.<br>Courtroom:   15<br>Hon. Barry Ted Moskowitz<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

Defendant Metabo Corporation ("Metabo") submits this memorandum in support of its motion to stay this case pending the United States Patent and Trademark Office's ("PTO") reexaminations of U.S. Patent No. 4,935,184 (the "'184 Patent"), which is the only patent asserted in this case.

**Introduction**

This Court already has stayed several related cases involving the '184 Patent based on the fact that the '184 Patent currently is in reexamination before the PTO. See Sorensen v. Black &

::ODMA\PCDOCS\PCDOCS\282291\1                    1

1  Decker Corp., No. 06cv1572, (S.D. Cal. Sept. 10, 2007), attached as Exhibit C to the Declaration of
2  Jeffrey Lewin ("Lewin Declaration"); Sorensen v. Giant International, No. 07cv2121, (S.D. Cal.
3  February 28, 2008), attached as Exhibit D to the Lewin Declaration; Sorensen v. Esseplast (USA)
4  NC, Inc. No. 07cv2277 (S.D. Cal. March 19, 2008), attached as Exhibit E to the Lewin Declaration;
5  Sorensen v. Energizer Holdings Inc., No. 07cv2321 (S.D. Cal. March 19, 2008), attached as Exhibit
6  F to the Lewin Declaration; Sorensen v. Helen of Troy 07cv2278 (S.D. Cal. February 28, 2008),
7  attached as Exhibit G to the Lewin Declaration.

8  As described below in more detail, the same considerations that apply to those cases apply
9  equally to the instant case. Thus, the parties are at the very beginning of this litigation. Defendant's
10 answer is being filed at about the same time as defendant's motion to stay and no discovery has been
11 taken. Under such circumstances, it would be inefficient to establish a discovery schedule, conduct
12 discovery or hold a Markman hearing or trial since the two (2) pending reexaminations may result in
13 one or more or perhaps all of the claims in the patent being invalidated. Further, a stay will not
14 
15 prejudice plaintiff in any way. Plaintiff's patent has expired and as a result, plaintiff may only seek
16 damages in this matter. Plaintiff can be adequately compensated through monetary damages if
17 plaintiff ultimately prevails in this matter.

18 Finally, a stay may simplify the issues in question in the trial of this case. If some or all of
19 the patent claims presently in the reexamination are found invalid by the PTO, this Court will not
20 need to address these claims in any way. To the extent that claims survive reexamination, statements
21 made by plaintiff during the reexamination process may be pertinent to the claim construction.
22 
23 In sum, all pertinent factors support granting defendant's motion to stay.

### Pending Reexaminations

25 Black & Decker filed a third party request for ex parte reexamination of the '184 patent on
26 July 30, 2007 ("the first request for reexamination"). The first request for reexamination was
27 granted on October 11, 2007. The October 11, 2007 PTO Order Granting Request for Ex Parte

DEFENDANT METABO CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO STAY THE LITIGATION PENDING REEXAMINATIONS OF U.S. PATENT NO. 4,935,184

Reexamination of the '184 Patent is attached as Exhibit A to the Lewin Declaration. The PTO's order provides for reexamination of claims 1, 2, 4, and 6-10 of the '184 Patent and identifies fourteen substantial questions of patentability affecting these claims based on eight prior art references. On December 21, 2007, a second third party request for ex parte reexamination of the '184 patent was filed with the PTO ("the second request for reexamination"). On February 21, 2008, the PTO granted the second request for reexamination, raising nine substantial new questions of patentability based on ten references. The February 21, 2008 order is attached to the Lewin Declaration as Exhibit B.

### Argument

### Legal Standard for Stay Pending PTO Reexamination

This Court has noted that "Courts have inherent power to stay an action pending conclusion of PTO reexamination proceedings." Black & Decker, at 5. This Court also has noted that "There is a 'liberal policy' in favor of granting motions to stay pending the outcome of PTO reexamination proceedings" Black & Decker, at 5. See ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

As this Court stated in Black & Decker, at 5 "In determining whether to stay litigation pending reexamination by the PTO, courts generally consider the following factors: (1) the stage of litigation, i.e., whether discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and trial of the case." Id. See Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999). All three of these factors militate in favor of a stay in the instant case.

**1. Stage of Litigation Factor**

Defendant is answering the complaint at approximately the same time it is filing this motion. There has been no discovery taken and no discovery schedule established. In other words, this case could hardly be at an earlier stage.

**2. A Stay will not Cause Undue Prejudice or Present a Clear Disadvantage to Plaintiff**

::ODMA\PCDOCS\PCDOCS\282291\1         3

**DEFENDANT METABO CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY THE LITIGATION PENDING REEXAMINATIONS OF U.S. PATENT NO. 4,935,184**

As noted by this Court in <u>Black & Decker</u>, at 7,

> "...Plaintiff's cognizable claims of prejudice if a stay should be entered basically boil down to his inconvenience in delaying final collection of any monetary award of royalties, assuming he ultimately wins. However, as the court recognized in <u>Broadcast</u>, the prejudice factor 'is best summarized by one question: *do the Plaintiffs have an adequate remedy at law?*' 2006 U.S. Dist. LEXIS 46623, at *32. Just as in <u>Broadcast</u>, the answer here is that clearly Plaintiff does have an adequate remedy. Defendants point out, and Plaintiff has not disputed, that the '184 Patent will expire in February 2008 independent of reexamination. Given that a trial on the merits could not occur prior to that date, Plaintiff would not have been granted any injunctive relief by this Court. Therefore, his claim would be restricted to past monetary damages, which, with the addition of prejudgment interest, are fully capable of compensating Plaintiff. Unfortunately, reexamination can be a drawn out process, resulting in a significant delay in court proceedings. Protracted delay is always a risk inherent in granting a stay, yet courts continue to stay actions pending reexamination. The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay. An average delay for reexamination of approximately 18-23 months is especially inconsequential where Plaintiff himself waited as many as twelve years before bringing the present litigation."

The same logic applies in this case.

Defendant also will not be prejudiced in any way in terms of preservation of pertinent evidence. Defendant has obligations under the Federal Rules of Civil Procedure to preserve evidence and there is no reason to believe defendant will not preserve any evidence.

**3.    <u>A stay will simplify the issues in question and the trial of the case</u>**

Just as this Court concluded that a stay in <u>Black & Decker</u> would result in a simplification of issues in that case, a stay also will result in a simplification of issues in the instant case. This Court quoted the decision in <u>Broadcast Innovation, L.L.C. v. Charter Communications, Inc.</u>, No. 03-cv-2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 46623:

"Shifting the patent validity issue to the PTO has many advantages, including:

1. All prior art presented to the Court will have been first considered by the PTO, with its expertise.

::ODMA\PCDOCS\PCDOCS\282291\1                                    4

**DEFENDANT METABO CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY THE LITIGATION PENDING REEXAMINATIONS OF U.S. PATENT NO. 4,935,184**

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without the further use of the Court.

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in final pretrial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the Court.

2006 U.S. Dist. LEXIS 46623, at *9-10 (quoting Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co., 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987)." Black & Decker, at 8. The same factors apply here.

## CONCLUSION

In sum, this case should be stayed pending the outcome of the reexaminations. This Court has stayed related actions and the same compelling reasons supporting a stay apply in the instant case. This case has just begun and there will be no prejudice to plaintiff caused by a stay. Finally, a stay may eliminate issues and at the very least simplify issues in the case.

Respectfully submitted:

Dated: April 7, 2008

METABO CORPORATION

By: _____
Jeffrey D. Lewin
Attorney for Metabo Corporation
SULLIVAN, HILL, LEWIN, REZ & ENGEL

OF COUNSEL:

| COOK, LITTLE, ROSENBLATT & MANSON, p.l.l.c. | BOURQUE & ASSOCIATES, P.A. |
| Arnold Rosenblatt | Daniel J. Bourque |
| 650 Elm Street | 835 Hanover Street, Suite 303 |
| Manchester, NH 03101 | Manchester, NH 03104 |
| (603) 621-7102 | (603) 623-5111 |

::ODMA\PCDOCS\PCDOCS\282291\1                     5

DEFENDANT METABO CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO STAY THE LITIGATION PENDING REEXAMINATIONS OF U.S. PATENT NO. 4,935,184