1  SULLIVAN, HILL, LEWIN, REZ & ENGEL
   A Professional Law Corporation
2  Jeffrey D. Lewin, SBN 68202
   550 West "C" Street, Suite 1500
3  San Diego, California 92101
   Telephone: (619) 233-4100
4  Fax Number: (619) 231-4372

5  Attorneys for METABO CORPORATION

6

7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10  JENS ERIK SORENSEN, as Trustee of          )  Case No. 08-cv-0304 BTM CAB
    SORENSEN RESEARCH AND                      )
11  DEVELOPMENT TRUST,                         )  **DECLARATION OF JEFFREY**
                                               )  **LEWIN IN SUPPORT OF**
12              Plaintiff,                      )  **DEFENDANT'S MOTION TO STAY**
                                               )  **THE LITIGATION PENDING**
13      v.                                      )  **REEXAMINATION OF U.S.**
                                               )  **PATENT NO. 4,935,184**
14  METABO CORPORATION, a Delaware             )
    Corporation; METABOWERKE GMBH              )
15  A German Corporation; and DOES 1-100,      )  Date:      June 20, 2008
                                               )  Time:      11:00 a.m.
16              Defendants.                     )  Courtroom: 15
                                               )  Hon. Barry Ted Moskowitz
17                                             )
                                               )  NO ORAL ARGUMENT UNLESS
18                                             )  REQUESTED BY THE COURT

19       I, Jeffrey Lewin, hereby declare as follows:

20       I am a shareholder at the law firm of Sullivan Hill Lewin Rez & Engel, attorneys of record

21  for Metabo Corporation ("Metabo"). I am licensed to practice law in the State of California and am

22  admitted to appear before this Court. The matters contained in this declaration are of my personal

23  knowledge.

24       1.    Attached as Exhibit A is a true and correct copy of the Order Granting *Ex Parte*

25  Reexamination mailed October 11, 2007.

26       2.    Attached as Exhibit B is a true and correct copy of the Order Granting *Ex Parte*

27  Reexamination mailed February 21, 2008.

28
DECLARATION OF JEFFREY LEWIN IN SUPPORT OF DEFENDANT'S MOTION TO STAY THE
LITIGATION PENDING REEXAMINATION OF U.S. PATENT NO. 4,935,184

3.     Attached as Exhibit C is a true and correct copy of the Court's order granting defendant's Motion to Stay a related case, <u>Sorensen v. Black & Decker Corp.</u>, No. 06cv1572, (S.D. Cal. Sept. 10, 2007).

4.     Attached as Exhibit D is a true and correct copy of the Court's order granting defendant's Motion to Stay a related case, <u>Sorensen v. Giant International</u>, No. 07cv2121, (S.D. Cal. February 28, 2008).

5.     Attached as Exhibit E is a true and correct copy of the Court's order granting defendant's Motion to Stay a related case, <u>Sorensen v. Esseplast (USA) NC, Inc.</u> No. 07cv2277 (S.D. Cal. March 19, 2008).

6.     Attached as Exhibit F is a true and correct copy of the Court's order granting defendant's Motion to Stay a related case, <u>Sorensen v. Energizer Holdings Inc.</u>, No. 07cv2321 (S.D. Cal. March 19, 2008),

7.     Attached as Exhibit G is a true and correct copy of the Court's order granting defendant's Motion to Stay a related case <u>Sorensen v. Helen of Troy</u> 07cv2278 (S.D. Cal. February 28, 2008).

8.     On April 7, 2008, Melody A. Kramer informed me that she opposes this motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed this **7th** day of April, 2008 in San Diego, CA.

Jeffrey D. Lewin

**DECLARATION OF JEFFREY LEWIN IN SUPPORT OF DEFENDANT'S MOTION TO STAY THE LITIGATION PENDING REEXAMINATION OF U.S. PATENT NO. 4,935,184**

**EXHIBIT A**

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,775 | 07/30/2007 | 4935184 | X32441 | 9943 |

| | | |
|---|---|---|
| 22653          7590          10/11/2007 | | EXAMINER |

EDWARD W CALLAN
NO. 705 PMB 452
3830 VALLEY CENTRE DRIVE
SAN DIEGO, CA  92130

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 10/11/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box1450
Alexandria, VA 22313-1450
www.uspto.gov

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

10/11/07

Arnold Turk, Esq.

Greenblum & Bernstein P. L. C.

1950 Roland Clarke Place

Reston VA  20191

## *EX PARTE*  REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO  90/008775

PATENT NO.  4,935,184

ART UNIT  3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/008,775 | Patent Under Reexamination 4935184 | |
|---|---|---|---|
| | Examiner Alan Diamond | Art Unit 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>30 July 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐  PTO-892,     b)☒  PTO/SB/08,     c)☐  Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐  by Treasury check or,

    b) ☐  by credit to Deposit Account No. _____,  or

    c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Alan  Diamond
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)                    Office Action in *Ex Parte* Reexamination                    Part of Paper No. 20071003

Application/Control Number: 90/008,775                                           Page 2
Art Unit: 3991

### *Decision on Reexamination Request*

1.     A substantial new question of patentability affecting claims 1, 2, 4, and 6-10 of

United States Patent Number 4,935,184 to Sorensen, is raised by the request for *ex*

*parte* reexamination. The request for reexamination is Third Party requested.

2.     Since requestor did not request reexamination of claims 3 and 5 and did not

assert the existence of a substantial new question of patentability (SNQ) for such claims

(see 35 U.S.C. § 302); see also 37 CFR 1.510b and 1.515), such claims will not be

reexamined. This matter was squarely addressed in *Sony Computer Entertainment*

*America Inc., et al v. Jon W. Dudas,* Civil Action No. 1:05CV1447 (E.D.Va. May 22,

2006), Slip Copy, 2006 WL 1472462. The District Court upheld the Office's discretion to

not reexamine claims in a reexamination proceeding other than those claims for which

reexamination had specifically been requested. The Court stated:

> "To be sure, a party may seek, and the PTO may grant, ...review of each and every
> claim of a patent. Moreover, while the PTO in its discretion may review claims for
> which ... review was not requested, nothing in the statute compels it to do so. To
> ensure that the PTO considers a claim for ... review, ...requires that the party
> seeking reexamination demonstrate why the PTO should reexamine each and every
> claim for which it seeks review. Here, it is undisputed that **Sony** did not seek review
> of every claim under the '213 and '333 patents. Accordingly, **Sony** cannot now
> claim that the PTO wrongly failed to reexamine claims for which **Sony** never
> requested review, and its argument that AIPA compels a contrary result is
> unpersuasive."

### *Extension of Time*

3.     Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that

Application/Control Number: 90/008,775                                          Page 3
Art Unit: 3991

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).


### Substantial New Question of Patentability (SNQ)

4.      The presence or absence of a "substantial new question of patentability"

determines whether or not reexamination is ordered.

        For a "substantial new question of patentability" to be present, it is only

necessary that :

        A) the prior art patents and/or printed publications raise a substantial new

question of patentability regarding at least one claim, i.e., the teaching of the (prior art)

patents and printed publications is such that a reasonable examiner would consider the

teaching to be important in deciding whether or not the claim is patentable; and

        B) the same question of patentability as to the claim has not been decided by the

Office in a previous examination of the patent or in a final holding of invalidity by the

Federal Courts in a decision on the merits involving the claim.

        A SNQ may be based solely on old art where the old art is being

presented/viewed in a new light, or in a different way, as compared with its use in the

earlier concluded examination(s), in view of a material new argument or interpretation in

the request.  (MPEP 2242).

Application/Control Number: 90/008,775                                    Page 4
Art Unit: 3991

### *Request*

5.    The request indicates the Requestor considers that Moscicki (U.S. Patent
3,178,497) raises a substantial new question of patentability with respect to
claims 1, 4, 6-8 and 10 of Sorensen.

It is agreed that consideration of Moscicki raises a substantial new question of
patentability as to claims 1, 4, 6-8 and 10 of Sorensen.  Page 28, line 14 though page
32, seventh line from the bottom; page 56 at the start of section 8 through page 58, line
5; page 83, line 13 through page 86, line 9; page 86, line 22 through page 87, line 22;
page 94, lines 1-19; page 98, line 6 through page 99, line 2; and page 107, line 18
through page 108, line 11, of the request for reexamination are hereby incorporated by
reference for their explanation of the teaching provided in Moscicki that was not present
in the prosecution of the application which became the Sorensen patent.  There is a
substantial likelihood that a reasonable examiner would consider this teaching important
in deciding whether or not claims 1, 4, 6-8 and 10 of Sorensen were patentable.
Accordingly, Moscicki raises a substantial new question of patentability as to claims 1,
4, 6-8 and 10, which question has not been decided in a previous examination of the
Sorensen patent.

6.    The request indicates the Requestor considers that Seima (GB 2004494 A)
raises a substantial new question of patentability with respect to claims 1, 2 and
6-10 of Sorensen.

Application/Control Number: 90/008,775                                              Page 5
Art Unit: 3991

It is agreed that consideration of Seima raises a substantial new question of

patentability as to claims 1, 2 and 6-10 of Sorensen. Page 32, sixth line from the

bottom, through the end of page 36; page 60, fifth line from the bottom, through page

62, line 3; page 80, line 10 through page 83, line 12; page 88, line 13 through page 89,

line 15; page 95, line 13 through page 96, line 9; page 99, line 15 through page 100,

line 11; page 104, line 1 through page 107, line 4; and page 109, lines 1-20, of the

request for reexamination are hereby incorporated by reference for their explanation of

the teaching provided in Seima that was not present in the prosecution of the

application which became the Sorensen patent. There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claims 1, 2 and 6-10 of Sorensen were patentable. Accordingly, Seima raises a

substantial new question of patentability as to claims 1, 2 and 6-10, which question has

not been decided in a previous examination of the Sorensen patent.


7.      **The request indicates the Requestor considers that Gits (U.S. Patent**

**2,863,241) raises a substantial new question of patentability with respect to claim**

**1 of Sorensen.**

It is agreed that consideration of Gits raises a substantial new question of

patentability as to claim 1 of Sorensen. Page 37, line 1 through the end of section 3 on

page 40, of the request for reexamination are hereby incorporated by reference for their

explanation of the teaching provided in Gits that was not present in the prosecution of

the application which became the Sorensen patent. There is a substantial likelihood

Application/Control Number: 90/008,775                                    Page 6
Art Unit: 3991

that a reasonable examiner would consider this teaching important in deciding whether

or not claim 1 of Sorensen was patentable. Accordingly, Gits raises a substantial new

question of patentability as to claim 1, which question has not been decided in a

previous examination of the Sorensen patent.


8.      **The request indicates the Requestor considers that Shiho *et al* (U.S. Patent**

**4,440,820, hereinafter "Shiho") raises a substantial new question of patentability**

**with respect to claims 1, 6-8 and 10 of Sorensen.**

        It is agreed that consideration of Shiho raises a substantial new question of

patentability as to claims 1, 6-8 and 10 of Sorensen. The beginning of section 4 on

page 40 through the end of section 4 on page 44; page 90, lines 4-20; page 96, line 23

through page 97, line 6; page 101, lines 1-11; and page 110, lines 14-23, of the request

for reexamination are hereby incorporated by reference for their explanation of the

teaching provided in Shiho that was not present in the prosecution of the application

which became the Sorensen patent. There is a substantial likelihood that a reasonable

examiner would consider this teaching important in deciding whether or not claims 1, 6-

8 and 10 of Sorensen were patentable. Accordingly, Shiho raises a substantial new

question of patentability as to claims 1, 6-8 and 10, which question has not been

decided in a previous examination of the Sorensen patent.

Application/Control Number: 90/008,775                                        Page 7
Art Unit: 3991

9.      The request indicates the Requestor considers that JP 60-119520 U to

Toyota Motor (hereinafter "Toyota") raises a substantial new question of

patentability with respect to claim 1 of Sorensen.

        It is agreed that consideration of Toyota raises a substantial new question of

patentability as to claim 1 of Sorensen. The beginning of section 5 on page 44 through

the end of section 5 on page 48; and page 70, line 1 through page 71, line 8, of the

request for reexamination are hereby incorporated by reference for their explanation of

the teaching provided in Toyota that was not present in the prosecution of the

application which became the Sorensen patent. There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claim 1 of Sorensen was patentable. Accordingly, Toyota raises a substantial new

question of patentability as to claim 1, which question has not been decided in a

previous examination of the Sorensen patent.


10.     The request indicates the Requestor considers that German Published

Patent Application No. 1850999 to Echterholter raises a substantial new question

of patentability with respect to claim 1 of Sorensen.

        It is agreed that consideration of Echterholter raises a substantial new question

of patentability as to claim 1 of Sorensen. The beginning of section 6 on page 48

through page 53, line 6; and page 73, line 10 through page 74, line 17, of the request

for reexamination are hereby incorporated by reference for their explanation of the

teaching provided in Echterholter that was not present in the prosecution of the

Application/Control Number: 90/008,775                                            Page 8
Art Unit: 3991

application which became the Sorensen patent. There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claim 1 of Sorensen was patentable. Accordingly, Echterholter raises a substantial new

question of patentability as to claim 1, which question has not been decided in a

previous examination of the Sorensen patent.


11.     The request indicates the Requestor considers that Wright, "New vigor for

two-shot molding automation... versatility... ingenuity," Modern Plastics, May

1986, pp. 79-83, (hereinafter "Modern Plastics") raises a substantial new question

of patentability with respect to claims 1, 6 and 8 of Sorensen.

        It is agreed that consideration of Modern Plastics raises a substantial new

question of patentability as to claims 1, 6 and 8 of Sorensen. Page 53, line 7 through

the end of section 7 on page 56; page 77, line 1 through page 78, line 8; page 92, line 9

through page 93, line 12; and page 102, line 16 through page 103, line 11, of the

request for reexamination are hereby incorporated by reference for their explanation of

the teaching provided in Modern Plastics that was not present in the prosecution of the

application which became the Sorensen patent. There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claims 1, 6 and 8 of Sorensen were patentable. Accordingly, Modern Plastics raises a

substantial new question of patentability as to claims 1, 6 and 8, which question has not

been decided in a previous examination of the Sorensen patent.

Application/Control Number: 90/008,775                                    Page 9
Art Unit: 3991

12.     **The request indicates the Requestor considers that Moscicki in view of**
**Echterholter and further in view of Modern Plastics raises a substantial new**
**question of patentability with respect to claims 1, 4, 6-8 and 10 of Sorensen.**

        It is agreed that consideration of Moscicki in view of Echterholter and further in

view of Modern Plastics raises a substantial new question of patentability as to claims 1,

4, 6-8 and 10 of Sorensen.  Page 58, line 6 through the end of section 9 on page 60;

page 86, lines 10-21; page 88, lines 1-12; page 95, lines 1-12; page 99, lines 3-14; and

page 108, lines 12-23, of the request for reexamination are hereby incorporated by

reference for their explanation of the teaching provided in Moscicki, Echterholter and

Modern Plastics that was not present in the prosecution of the application which

became the Sorensen patent.  There is a substantial likelihood that a reasonable

examiner would consider this teaching important in deciding whether or not claims 1, 4,

6-8 and 10 of Sorensen were patentable.  Accordingly, Moscicki in view of Echterholter

and further in view of Modern Plastics raises a substantial new question of patentability

as to claims 1, 4, 6-8 and 10, which question has not been decided in a previous

examination of the Sorensen patent.


13.     **The request indicates the Requestor considers that Seima in view of**
**Echterholter and further in view of Modern Plastics raises a substantial new**
**question of patentability with respect to claims 1 and 6-10 of Sorensen.**

        It is agreed that consideration of Seima in view of Echterholter and further in view

of Modern Plastics raises a substantial new question of patentability as to claims 1 and

Application/Control Number: 90/008,775                                      Page 10
Art Unit: 3991

6-10 of Sorensen. Page 62, line 4 through page 64, line 3; page 89, line 16 through

page 90, line 3; page 96, lines 10-22; page 100, lines 12-24; page 107, lines 5-17; and

page 110, lines 1-13, of the request for reexamination are hereby incorporated by

reference for their explanation of the teaching provided in Seima, Echterholter and

Modern Plastics that was not present in the prosecution of the application which

became the Sorensen patent. There is a substantial likelihood that a reasonable

examiner would consider this teaching important in deciding whether or not claims 1

and 6-10 of Sorensen were patentable. Accordingly, Seima in view of Echterholter and

further in view of Modern Plastics raises a substantial new question of patentability as to

claims 1 and 6-10, which question has not been decided in a previous examination of

the Sorensen patent.


14.    **At page 64, line 4 through page 67, line 18; page 90, line 21 through page**

**91, line 13; page 97, lines 7-16; and page 101, lines 12-22, the request indicates**

**the Requestor considers that Schad (U.S. Patent 4,422,995) raises a substantial**

**new question of patentability with respect to claims 1 and 6-8 of Sorensen.**

Schad **does not** raise a substantial new question of patentability with respect to

claims 1 and 6-8 of Sorensen. In the prosecution of application Serial No. 07/386,012,

which matured into the Sorensen patent, Schad was used to reject all the claims (1-10)

under 35 USC 103(a). The rejection over Schad was overcome and the Sorensen

patent was allowed after applicant amended steps (h) and (i) of claim 1 so as to recite

the injection of first/second plastic material until it reaches the portion of the first/second

Application/Control Number: 90/008,775                                    Page 11
Art Unit: 3991

mold cavity that defines the rim of the product. Third party requestor even admits at

page 66, lines 16-18, of the request that "Schad does not specifically disclose a first

injection material which 'reaches the portion of the mold cavity that defines the rim of

the product.'" Third party requestor cites *KSR int'l Co. v. Teleflex Inc.* and design

choice for the obviousness of modifying Schad so that a first injection material reaches

the portion of the mold cavity that defines the rim of the product (Request, pages 66-

67). Third party requestor notes that "design choice" with respect to product shape was

considered by the Examiner in the rejection over Schad that was mailed 10/11/1988

during prosecution of the 07/386,012 application (see page 67 of the Request).

Consideration of Shad in view of *KSR int'l Co. v. Teleflex Inc.* or "design choice" does

not provide any new teaching with respect to Schad as compared with its use in the

prosecution of the Sorensen patent. Accordingly, Schad is not being viewed in a new

light compared with its use in the prosecution of the Sorensen patent, and thus, does

not raise a substantial new question of patentability with respect to claims 1 and 6-8 of

Sorensen.


15.    **The request indicates the Requestor considers that Schad in view of**
**Moscicki and further in view of Seima and Shiho raises a substantial new**
**question of patentability with respect to claims 1 and 6-8 of Sorensen.**

It is agreed that consideration of Schad in view of Moscicki and further in view of

Seima and Shiho raises a substantial new question of patentability as to claims 1 and 6-

8 of Sorensen. Page 67, lines 19 through the last line on page 69; page 91, line 14

Application/Control Number: 90/008,775                                    Page 12
Art Unit: 3991

through page 92, line 8; page 97, line 17 through page 98, line 5; and page 102, lines 1-

15, of the request for reexamination are hereby incorporated by reference for their

explanation of the teaching provided in Schad, Moscicki, Seima and Shiho that was not

present in the prosecution of the application which became the Sorensen patent. There

is a substantial likelihood that a reasonable examiner would consider this teaching

important in deciding whether or not claims 1 and 6-8 of Sorensen were patentable.

Accordingly, Schad in view of Moscicki and further in view of Seima and Shiho raises a

substantial new question of patentability as to claims 1 and 6-8, which question has not

been decided in a previous examination of the Sorensen patent.


16.     **The request indicates the Requestor considers that Toyota in view of**

**Moscicki and further in view of Seima and Shiho raises a substantial new**

**question of patentability with respect to claim 1 of Sorensen.**

        It is agreed that consideration of Toyota in view of Moscicki and further in view of

Seima and Shiho raises a substantial new question of patentability as to claim 1 of

Sorensen. Page 71, line 9 through page 73, line 9, of the request for reexamination are

hereby incorporated by reference for their explanation of the teaching provided in

Toyota, Moscicki, Seima and Shiho that was not present in the prosecution of the

application which became the Sorensen patent. There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claim 1 Sorensen was patentable. Accordingly, Toyota in view of Moscicki and further

in view of Seima and Shiho raises a substantial new question of patentability as to claim

Application/Control Number: 90/008,775                          Page 13
Art Unit: 3991

1, which question has not been decided in a previous examination of the Sorensen

patent.

17.    **The request indicates the Requestor considers that Echterholter in view of**
**Moscicki and further in view of Seima and Shiho raises a substantial new**
**question of patentability with respect to claim 1 of Sorensen.**

It is agreed that consideration of Echterholter in view of Moscicki and further in

view of Seima and Shiho raises a substantial new question of patentability as to claim 1

of Sorensen.  Page 74, line 18 through the last line on page 76, of the request for

reexamination are hereby incorporated by reference for their explanation of the teaching

provided in Echterholter, Moscicki, Seima and Shiho that was not present in the

prosecution of the application which became the Sorensen patent.  There is a

substantial likelihood that a reasonable examiner would consider this teaching important

in deciding whether or not claim 1 Sorensen was patentable.  Accordingly, Echterholter

in view of Moscicki and further in view of Seima and Shiho raises a substantial new

question of patentability as to claim 1, which question has not been decided in a

previous examination of the Sorensen patent.

18.    **The request indicates the Requestor considers that Modern Plastics in view**
**of Moscicki and further in view of Seima and Shiho raises a substantial new**
**question of patentability with respect to claims 1, 6 and 8 of Sorensen.**

Application/Control Number: 90/008,775                                    Page 14
Art Unit: 3991

It is agreed that consideration of Modern Plastics in view of Moscicki and further

in view of Seima and Shiho raises a substantial new question of patentability as to

claims 1, 6 and 8 of Sorensen. Page 78, line 9 through page 80, line 9; page 93, lines

13-25; and page 103, lines 12-24, of the request for reexamination are hereby

incorporated by reference for their explanation of the teaching provided in Modern

Plastics, Moscicki, Seima and Shiho that was not present in the prosecution of the

application which became the Sorensen patent. There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claims 1, 6 and 8 of Sorensen were patentable. Accordingly, Modern Plastics in view of

Moscicki and further in view of Seima and Shiho raises a substantial new question of

patentability as to claims 1, 6 and 8, which question has not been decided in a previous

examination of the Sorensen patent.


### Duty to Disclose

19.    The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving Patent No. 4,935,184 throughout the course of this reexamination

proceeding. The third party requestor is also reminded of the ability to similarly apprise

the Office of any such activity or proceeding throughout the course of this reexamination

proceeding. See MPEP §§ 2207, 2282 and 2286.

Application/Control Number: 90/008,775                                    Page 15
Art Unit: 3991

### *Correspondence*

14.    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Alan Diamond whose telephone number is (571) 272-

1338. The examiner can normally be reached on Monday through Friday from 5:30

a.m. to 2:00 p.m.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Deborah Jones can be reached on (571) 272-1535.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).


### *Notice Re Patent Owner's Correspondence Address*

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte*
reexamination or an *inter partes* reexamination is designated as the correspondence
address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte*
> *and Inter Partes Reexamination,* 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not**
**having the same correspondence address as that of the patent is, by way of this**

Application/Control Number: 90/008,775                                    Page 16
Art Unit: 3991

revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of
the effective date.

This change is effective for any reexamination proceeding which is pending before the
Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any
reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct
communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for
the present proceeding is different from the correspondence address of the patent, it is
strongly encouraged that the patent owner affirmatively file a Notification of Change of
Correspondence Address in the reexamination proceeding and/or the patent (depending
on which address patent owner desires), to conform the address of the proceeding with
that of the patent and to clarify the record as to which address should be used for
correspondence.

Telephone Numbers for reexamination inquiries:

Reexamination and Amendment Practice            (571) 272-7703
Central Reexam Unit (CRU)                       (571) 272-7705
Reexamination Facsimile Transmission No.        (571) 273-9900

Please mail any communications to:
         Attn: Mail Stop "Ex Parte Reexam"
         Central Reexamination Unit
         Commissioner for Patents
         P. O. Box 1450
         Alexandria VA  22313-1450

Please FAX any communications to:
         (571) 273-9900
         Central Reexamination Unit

Application/Control Number: 90/008,775                                    Page 17
Art Unit: 3991

Please hand-deliver any communications to:
    Customer Service Window
    Attn:  Central Reexamination Unit
    Randolph Building, Lobby Level
    401 Dulany Street
    Alexandria, VA  22314

Signed:

Alan Diamond                                    /Jerry D. Johnson/
Primary Examiner                                Primary Examiner
Central Reexamination Unit                      Art Unit 3991
Art Unit 3991
(571) 272-1338

                                     STEPHEN J. STEIN
                          CRU EXAMINER - AU 3991

PTO/SB/08a (05-07)
Approved for use through 09/30/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 90/008,775 |
| | Filing Date | |
| | First Named Inventor | |
| | Art Unit | 3991 |
| | Examiner Name | Diamond |
| | Attorney Docket Number | REQUEST FOR REEXAMINATION |

| U.S.PATENTS | | | | | | |
|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Patent Number | Kind Code¹ | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| /AD/ | 1 | 2863241 | | 1958-12-09 | Gits | all |
| /AD/ | 2 | 3178497 | | 1965-04-13 | Moscicki | all |
| /AD/ | 3 | 4422995 | | 1983-12-27 | Schad | all |
| /AD/ | 4 | 4440820 | | 1984-04-03 | Shiho | all |

If you wish to add additional U.S. Patent citation information please click the Add button.

| U.S.PATENT APPLICATION PUBLICATIONS | | | | | | |
|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Publication Number | Kind Code¹ | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

| FOREIGN PATENT DOCUMENTS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Foreign Document Number³ | Country Code² | Kind Code⁴ | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T⁵ |

EFS Web 2.0.1

/Alan Diamond/                    10/05/2007

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 90/008,775 |
|---|---|---|
| | Filing Date | |
| | First Named Inventor | |
| | Art Unit | 3991 |
| | Examiner Name | Diamond |
| | Attorney Docket Number | REQUEST FOR REEXAMINATION |

| /AD/ | 1 | 1 850 999 | DE | | 1962-05-03 | Echterholter | all | ☑ |
|---|---|---|---|---|---|---|---|---|
| /AD/ | 2 | 2 004 494 | GB | | 1979-04-04 | SEIMA | all | ☑ |
| /AD/ | 3 | 60-119520 U | JP | | 1985-08-13 | Toyota Motor | all | ☑ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

**NON-PATENT LITERATURE DOCUMENTS**

| Examiner Initials⁴ | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T⁵ |
|---|---|---|---|
| /AD/ | 1 | VAL WRIGHT, New Vigor For Two-Shot Molding With Automation . . . Versatility . . . Ingenuity, Modern Plastics, May 1968, pages 79-83, published in US | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

**EXAMINER SIGNATURE**

| Examiner Signature | /Alan Diamond/ | | Date Considered | 10/05/2007 |
|---|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

¹ See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. ² Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). ³ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁴ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. ⁵ Applicant is to place a check mark here if English language translation is attached.

**EXHIBIT B**

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,976 | 12/21/2007 | 4935184 | 065640-0260 | 6753 |

| | EXAMINER |
|---|---|

22653      7590      02/21/2008

EDWARD W CALLAN
NO. 705 PMB 452
3830 VALLEY CENTRE DRIVE
SAN DIEGO, CA 92130

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 02/21/2008

Please find below and/or attached an Office communication concerning this application or proceeding.

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Pavan Agarwal

Foley & Lardner LLP

3000 K Street, NW, Suite 500

Washington, DC 20007

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,976*.

PATENT NO. *4935184*.

ART UNIT *3991*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/008,976 | Patent Under Reexamination 4935184 | |
|---|---|---|---|
| | Examiner Krisanne Jastrzab | Art Unit 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>21 December 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,     b)☒ PTO/SB/08,     c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____,  or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

/Krisanne  Jastrzab/
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)                              Office Action in *Ex Parte* Reexamination                        Part of Paper No. 20080220

71338   U.S. PTO

12/21/07

PTO/SB/08 (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

00000970

| Substitute for form 1449/PTO | *Complete if Known* | |
| --- | --- | --- |
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Reexamination Control Number | Unassigned |
| Date Submitted: December 21, 2007 | Patent Number | 4,935,184 |
| | First Named Inventor | Jens O. Sorensen |
| Sheet | 1 | of | 2 | Attorney Docket Number | 065640-0260 |

12/21/07

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
| --- | --- | --- | --- | --- | --- |
| /K.J./ | A1 | 4,935,184 | 06/19/1990 | SORENSEN | |
| | A2 | 4,422,995 | 12/27/1983 | SCHAD | |
| | A3 | 4,508,676 | 04/02/1985 | SORENSEN | |
| /K.J./ | A4 | 3,375,554 | 04/02/1968 | BLUMER | |

## UNPUBLISHED U.S. PATENT APPLICATION DOCUMENTS

| Examiner Initials* | Cite No.[1] | U.S. Patent Application Document — Serial Number-Kind Code[2] (if known) | Filing Date of Cited Document MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
| --- | --- | --- | --- | --- | --- |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Documents | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
| --- | --- | --- | --- | --- | --- | --- |
| /K.J./ | A5 | JP 59-199227 | 11/12/1984 | IDEMITSU SEKIYU KAGAKU KK | | Tr. |
| | A6 | JP 60-154022 | 08/13/1985 | FUJITSU, LTD. | | Tr. |
| | A7 | JP 58-82401 | 05/18/1983 | NISSAN MOTOR CO., LTD. | | Tr. |
| /K.J./ | A8 | JP S52-51449 | 04/25/1977 | KABUSHIKI KAISHA YOSHINO KOGYOSHO | | Tr. |

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.) date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
| --- | --- | --- | --- |
| | A9 | SUMITOMO HEAVY INDUSTRIES, LTD., Promat 100-100/100 Sumitomo Netstal Dual Material Injection Molding Machine | Tr. |

| Examiner Signature | /Krisanne Jastrzab/ | Date Considered | 02/20/2008 |
| --- | --- | --- | --- |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached. This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

WASH_2164550.1

PTO/SB/08 (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | | | | Complete If Known | |
|---|---|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Reexamination Control Number | Unassigned |
| Date Submitted: December 21, 2007 | | | | Patent Number | 4,935,184 |
| | | | | First Named Inventor | Jens O. Sorensen |
| Sheet | 2 | of | 2 | Attorney Docket Number | 065640-0260 |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.) date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
|---|---|---|---|
| /K.J./ | A10 | WRIGHT, "New Vigor for Two-Shot Molding with Automation," *Modern Plastics*, Vol. 45, No. 9, May 1968, pp. 78 – 83. | |
| | A11 | Plaintiff's Amended Preliminary Claim Constructions and Extrinsic Evidence , SORENSEN v. THE BLACK & DECKER CORPORATION ET AL., U.S. District Court for the Southern District of California, Case No. 06-cv-1572 BTM (CAB). | |
| | A12 | SORENSEN v. INTERNATIONAL TRADE COM'N., 427 F.3d 1375 (Fed. Cir. 2005) | |
| | A13 | Deposition of Paul P. Brown, December 19, 2006, SORENSEN v. THE BLACK & DECKER CORPORATION ET AL., U.S. District Court for the Southern District of California, Case No. 06-cv-1572 BTM (CAB). | |
| /K.J./ | A14 | Plaintiffs' Local Civil Rule 56.1 Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment of Invalidity Based on Prior Art, U.S. District Court for the District of New Jersey Newark Vicinage, CIV. No. 03-1763(HAA). | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | /Krisanne Jastrzab/ | Date Considered | 02/20/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

WASH_2164550.1

Application/Control Number:                                      Page 2
90/008,976
Art Unit: 3991

### Reexamination

### Decision on Reexamination Request

A substantial new question of patentability affecting claims 1, 2, 4 and 6-10 of

United States Patent Number 4,935,184 (hereinafter referred to as "the '184 patent) is

raised by the request for *ex parte* reexamination. The request was filed by a Third Party

on 12/21/2007.

Since requestor did not request reexamination of claims 3 and 5 and did not

assert the existence of a substantial new question of patentability (SNQ) for such claims

(see 35 U.S.C. § 302); see also 37 CFR 1.510b and 1.515), such claims will not be

reexamined. This matter was squarely addressed in *Sony Computer Entertainment*

*America Inc., et al v. Jon W. Dudas,* Civil Action No. 1:05CV1447 (E.D.Va. May 22,

2006), Slip Copy, 2006 WL 1472462. The District Court upheld the Office's discretion to

not reexamine claims in a reexamination proceeding other than those claims for which

reexamination had specifically been requested. The Court stated:

"To be sure, a party may seek, and the PTO may grant .... review of each and every
claim of a patent. Moreover, while the PTO in its discretion may review claims for
which ... review was not requested, nothing in the statute compels it to do so. To
ensure that the PTO considers a claim for ... review, ...requires that the party
seeking reexamination demonstrate why the PTO should reexamine each and every
claim for which it seeks review. Here, it is undisputed that Sony did not seek review
of every claim under the '213 and '333 patents. Accordingly, Sony cannot now
claim that the PTO wrongly failed to reexamine claims for which Sony never
requested review, and its argument that AIPA compels a contrary result is
unpersuasive."

### Extensions of Time

Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that

Application/Control Number:                                Page 3
90/008,976
Art Unit: 3991

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).

### Substantial New Question of Patentability (SNQ)

The substantial new question of patentability (SNQ) is based on:

JP S59-199227 (hereinafter referred to as "JP '227")

JP 60-154022 (hereinafter referred to as "JP '022")

JP 58-82401 (hereinafter referred to as "JP '401")

JP S52-51449 (hereinafter referred to as "JP '449")

Schad, U.S. patent No. 4,422,995 (hereinafter referred to as "Schad")

Blumer U.S. patent No. 3,375,554 (hereinafter referred to as "Blumer")

Sorensen U.S. patent No. 4,508,676 (hereinafter referred to as "Sorensen")

Promot 100-100/100 (hereinafter referred to as "Promot 100")

Modern Plastics, "New Vigor for Two-Shot Molding with

Automation...Versatility...Ingenuity" (hereinafter referred to as "Modern Plastics")


A discussion of the specifics follows:


### Request

Application/Control Number:
90/008,976
Art Unit: 3991

Page 4

The request indicates that the Requestor considers JP '227 as raising a

substantial new question of patentability for claims 1, 6-8 and 10 of the '184

patent.

It is agreed that the consideration of JP '227 raises an SNQ as to claims 1, 6-8

and 10 of the '184 patent. The last paragraph of page 31 through page 42 of the

request is hereby incorporated by reference for the explanation of the teachings

provided in JP '227 regarding a method of two-shot injection molding of a part utilizing a

common mold core. These teachings were not present in the prosecution of the

application which became the '184 patent. Further, there is a substantial likelihood that

a reasonable examiner would consider these teachings important in deciding whether or

not these claims are patentable. Accordingly, JP '227 raises a substantial new question

of patentability as to claims 1, 6-8 and 10, which question has not been decided in a

previous examination of the '184 patent.

The request indicates that the Requestor considers JP '022 as raising a

substantial new question of patentability for claims 1 and 10 of the '184 patent.

It is agreed that the consideration of JP '022 raises an SNQ as to claims 1 and

10 of the '184 patent. Page 43 through the top of page 47 of the request is hereby

incorporated by reference for the explanation of the teachings provided in JP '022

regarding a method of two-shot injection molding of a part utilizing a common mold

core. These teachings were not present in the prosecution of the application which

became the '184 patent. Further, there is a substantial likelihood that a reasonable

Application/Control Number:                              Page 5
90/008,976
Art Unit: 3991

examiner would consider these teachings important in deciding whether or not these

claims are patentable. Accordingly, JP '022 raises a substantial new question of

patentability as to claims 1 and 10, which question has not been decided in a previous

examination of the '184 patent.


**The request indicates that the Requestor considers JP '401 as raising a**

**substantial new question of patentability for claims 1 and 10 of the '184 patent.**

It is agreed that the consideration of JP '401 raises an SNQ as to claims 1 and

10 of the '184 patent. The bottom of page 47 through the top of page 52 of the request

is hereby incorporated by reference for the explanation of the teachings provided in JP

'401 regarding a method of two-shot injection molding of a part utilizing a common mold

core. These teachings were not present in the prosecution of the application which

became the '184 patent. Further, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not these

claims are patentable. Accordingly, JP '401 raises a substantial new question of

patentability as to claims 1 and 10, which question has not been decided in previous

examination of the '184 patent.


**The request indicates that the Requestor considers the combination of JP**

**'449 and the Admitted State of the Prior Art as raising a substantial new question**

**of patentability for claims 1 and 6-9 of the '184 patent.**

Application/Control Number:                              Page 6
90/008,976
Art Unit: 3991

It is agreed that the combination of JP '449 and the Admitted State of the Prior

Art raises an SNQ as to claims 1 and 6-9 of the '184 patent. The bottom of page 6

through the top of page 9, page 22 beginning at "E." through the top of page 27 and

page 54 through the top of page 60 of the request is hereby incorporated by reference

for the explanation of the Admitted State of the Prior Art and the teachings in JP '449

regarding a method of molding a two-component part. These combined teachings were

not present in the prosecution of the application which became the '184 patent. Further,

there is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not these claims are patentable.

Accordingly, the combination of JP '449 and the Admitted State of the Prior Art, raise a

substantial new question of patentability as to claims 1 and 6-9, which question has not

been decided in previous examination of the '184 patent.


**The request indicates that the Requestor considers the combination of JP**

**'449, the Admitted State of the Prior Art and Schad as raising a substantial new**

**question of patentability for claim 10 of the '184 patent.**

It is agreed that the combination of JP '449, the Admitted State of the Prior Art

and Schad raises an SNQ as to claim 10 of the '184 patent. Page 60 of the request is

hereby incorporated by reference for the explanation of the teachings of Schad

regarding the separation of mold components in a two-shot molding process as

applicable to the combination of the JP '449 and the Admitted State of the Prior Art.

These combined teachings were not present in the prosecution of the application which

Application/Control Number:                              Page 7
90/008,976
Art Unit: 3991

became the '184 patent. Further, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not this claim

is patentable. Accordingly, the combination of JP '449, the Admitted State of the Prior

Art and Schad, raises a substantial new question of patentability as to claim 10, which

question has not been decided in previous examination of the '184 patent.

**The request indicates that the Requestor considers the combination of JP**

**'449 and Modern Plastics as raising a substantial new question of patentability for**

**claim 1 of the '184 patent.**

It is agreed that the combination of JP '449 and Modern Plastics raises an SNQ

as to claim 1 of the '184 patent. Pages 60-64 of the request are hereby incorporated by

reference for the explanation of the combination of the teachings of JP '449 and Modern

Plastic regarding a two-shot molding process. These combined teachings were not

present in the prosecution of the application which became the '184 patent. Further,

there is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not this claim is patentable. Accordingly, the

combination of JP '449 and Modern Plastics raises a substantial new question of

patentability as to claim 1, which question has not been decided in previous

examination of the '184 patent.

Application/Control Number:                                    Page 8
90/008,976
Art Unit: 3991

The request indicates that the Requestor considers the combination of JP

'227 and Modern Plastics as raising a substantial new question of patentability for

claims 1, 2, 4, and 6-10 of the '184 patent.

It is agreed that the combination of JP '227 and Modern Plastics raises an SNQ

as to claims 1, 2, 4 and 6-10 of the '184 patent. Page 65 through the top of page 68 of

the request is hereby incorporated by reference for the explanation of the combination

of teachings of JP '227 and Modern Plastics regarding a two-shot molding process.

These combined teachings were not present in the prosecution of the application which

became the '184 patent. Further, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not these

claims are patentable. Accordingly, the combination of JP '227 and Modern Plastics

raises a substantial new question of patentability as to claims 1, 2, 4 and 6-10, which

question has not been decided in previous examination of the '184 patent.


The request indicates that the Requestor considers the combination of

either JP '022 or JP '401 and Promot 100 as raising a substantial new question of

patentability for claims 6-8 of the '184 patent.

It is agreed that the combination of JP '022 or JP '401 in view of Promot 100

raises an SNQ as to claims 6-8 of the '184 patent. The bottom of page 67 through the

top of page 72 is hereby incorporated by reference for the explanation of the

combination of teachings of JP '022 or JP '401 with Promot 100 regarding a two-shot

molding process. While no date has been supplied for Promot 100, it is noted that

Application/Control Number:                                    Page 9
90/008,976
Art Unit: 3991

during prosecution of the application which became the '184 patent, an IDS was

submitted (6/16/1988) citing Promot 100 and noting that Figures 1 through 4 of Promot

11 illustrate the prior art described in the Background portion of the specification of the

application which became the '184 patent. These combined teachings were not present

in the prosecution of the application which became the '184 patent. Further, there is a

substantial likelihood that a reasonable examiner would consider these teaching

important in deciding whether or not these claims are patentable. Accordingly, the

combination of JP '022 or JP '401 and Promot 100, raises a substantial new question of

patentability as to claims 6-8, which question has not been decided in previous

examination of the '184 patent.

   **The request indicates that the Requestor considers the combination of**

**either JP '227, JP '022 or JP '401 with either Blummer or Soreneson as raising a**

**substantial new question of patentability for claim 9 of the '184 patent.**

   It is agreed that the combination of either JP '227, JP '022 or JP '401 in view of

either Bummer or Sorensen raises an SNQ as to claim 9 of the '184 patent. The bottom

of page 72 through page 74 of the request is hereby incorporated by reference for the

explanation of the combination of the teachings of any of JP '227, JP '022 or JP '401

and either Blummer or Sorensen regarding the securing of two mold components in a

two-shot molding process. These combined teachings were not present in the

prosecution of the application which became the '184 patent. Further, there is a

substantial likelihood that a reasonable examiner would consider these teachings

Application/Control Number:
90/008,976
Art Unit: 3991

Page 10

important in deciding whether or not this claim is patentable. Accordingly, the

combination of any of JP '227, JP '022 or JP '401 with either Blummer or Sorensen

raises a substantial new question of patentability as to claim 9, which question has not

been decided in previous examination of the '184 patent.

### Duty of Disclosure

The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving Patent No. 4,935,184 throughout the course of this reexamination

proceeding. The third party requester is also reminded of the ability to similarly apprise

the Office of any such activity or proceeding throughout the course of this reexamination

proceeding. See MPEP §§ 2207, 2282 and 2286.

### Service of Papers

After the filing of a request for reexamination by a third party requester, any

document filed by either the patent owner or the third party requester must be served on

the other party (or parties where two or more third party requester proceedings are

merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. See

37 CFR 1.550(f).

### Waiver of Right to File Patent Owner Statement

In a reexamination proceeding, Patent Owner may waive the right under 37

C.F.R. 1.530 to file a Patent Owner Statement. The document needs to contain a

Application/Control Number:                                    Page 11
90/008,976
Art Unit: 3991

statement that Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent

Owner Statement and proof of service in the manner provided by 37 C.F.R. 1.248, if the

request for reexamination was made by a third party requester, see 37 C.F.R 1.550(f).


## Correspondence

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Krisanne Jastrzab whose telephone number is 571-272-

1279. The examiner can normally be reached on Mon.-Thurs. 6:00am-4:30pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Deborah Jones can be reached on 571-272-1535

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Application/Control Number:                              Page 12
90/008,976
Art Unit: 3991

## Notice Re Patent Owner's Correspondence Address

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.
Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

Please mail any communications to:

Mail Stop *Ex Parte* Reexam
ATTN: Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450

Application/Control Number:                          Page 13
90/008,976
Art Unit: 3991


        Alexandria, VA 22313-1450


Please FAX to:
            (571) 273-9900
            Central Reexamination Unit



Please hand-deliver to:
            Customer Service Window
            Randolph Building
            401 Dulany St.
            Alexandria, VA 22314


/Krisanne Jastrzab/                           /Alan Diamond/
Primary Examiner                              Primary Examiner
Central Reexamination Unit                    Art Unit 3991
Art unit 3991
(571) 272-1279

JERRY D. JOHNSON
PRIMARY EXAMINER
CRU - AU 3991

**EXHIBIT C**

1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        SOUTHERN DISTRICT OF CALIFORNIA
10
11    JENS ERIK SORENSEN, as Trustee of          CASE NO. 06cv1572 BTM (CAB)
      SORENSEN RESEARCH AND
12    DEVELOPMENT TRUST,                         ORDER:

13                              Plaintiff,       (1) DENYING PLAINTIFF'S MOTION
                                                 FOR RECONSIDERATION OF
14                                               DENIAL OF OBJECTIONS TO
                                                 MAGISTRATE JUDGE'S ORDER OF
15                                               APRIL 9, 2007 AS MOOT [Doc.
                                                 #163];
16      vs.
                                                 (2) GRANTING DEFENDANTS'
17                                               MOTION FOR RECONSIDERATION
                                                 OF THE COURT'S JUNE 20, 2007
18                                               ORDER RE BIFURCATION [Doc.
                                                 #171];
19
                                                 (3) GRANTING IN PART AND
20    THE BLACK AND DECKER                       DENYING IN PART DEFENDANTS'
      CORPORATION, et al.                        MOTION TO STAY [Doc. #178];
21
                                Defendants.      and
22
                                                 (4) DENYING PLAINTIFF'S MOTION
23                                               FOR PARTIAL SUMMARY
                                                 JUDGMENT AS PREMATURE [Doc.
24                                               #204]

25    I.    Motion for Reconsideration of Denial of Objections to Magistrate Judge's Order

26          On April 9, 2007, Magistrate Judge Bencivengo issued an order in which she granted

27    in part and denied in part Plaintiff's motion to compel further responses to discovery.  In

28    accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), Plaintiff filed an

                                              1
                                                                              06cv1572

1  objection to that ruling, arguing that it was both clearly erroneous and contrary to law. In an

2  order entered June 14, 2007, the Court overruled Plaintiff's objection without prejudice. The

3  Court found that the Magistrate Judge's determinations regarding the Black & Decker

4  Defendants' waiver of the attorney-client privilege, and the applicability of Patent Local Rule

5  2.5(d), were neither clearly erroneous nor contrary to law, on the record before the Court.

6  However, the Court was unable to determine at that time whether, and to what extent, the

7  Black & Decker Defendants ("B&D") intended to rely upon the death of Dennis Dearing to

8  provide the requisite showing of prejudice in support of any laches and/or equitable estoppel

9  defenses. Therefore, Plaintiff was granted leave to serve an interrogatory upon B&D, which

10 stated: "Set forth, in detail, all prejudice to Defendants that resulted from the death of Dennis

11 Dearing in regard to this case." To the extent Plaintiff believed that B&D's response to the

12 interrogatory indicated that this Court's determination regarding waiver of the attorney-client

13 privilege was in error, it was invited to move for reconsideration of the decision at that time.

14       On July 11, 2007, B&D responded to Plaintiff's interrogatory setting forth the prejudice

15 that resulted from the death of its former in-house counsel Dennis Dearing. The prejudice

16 identified included the inability to have Mr. Dearing testify regarding his communications in

17 the mid-1990s pertaining to Mr. Jens Ole Sorensen's claims of infringement of the '184

18 Patent. These communications included discussions directly with Mr. Sorensen and his

19 representatives, as well as with John Schiech, Black & Decker's business manager

20 responsible for making all decisions concerning the matter. B&D also indicated that it was

21 prejudiced because it could not present Mr. Dearing as a witness to defend against Plaintiff's

22 charge of willful infringement.

23       On July 12, 2007, Plaintiff filed the present motion to reconsider this Court's previous

24 ruling on the basis of the new evidence presented in B&D's interrogatory response. The

25 motion was calendared for hearing, without oral argument, on August 10, 2007. However,

26 while the motion was pending, Magistrate Judge Bencivengo reconsidered her earlier ruling

27 in light of B&D's interrogatory response. On August 3, 2007, Judge Bencivengo issued her

28 "Order Following Discovery Conference on July 26, 2007" in which she ruled:

06cv1572

> Since the defendant is affirmatively relying upon the death of Mr. Dearing to support its defense of laches, the plaintiff is entitled to review Mr. Dearing's files that still exist and reflect his personal thoughts and impressions, so plaintiff may respond to defendant's claim of lost evidence. Defendant was therefore ordered to produce any withheld documents reflecting Mr. Dearing's work product on this matter.

[Doc. #177 at ¶ 8.] Judge Bencivengo stayed production of Mr. Dearing's work product for 30 days in order to give B&D an opportunity to appeal the order. B&D has just taken that opportunity and filed a motion for reconsideration on September 4, 2007 [Doc. #240]. B&D's motion is calendared for hearing by this Court on November 2, 2007.

In light of Judge Bencivengo's more recent order requiring production of Mr. Dearing's privileged documents, and the now-pending motion for reconsideration of that order, the Court finds moot Plaintiff's motion for reconsideration of its previous order overruling Plaintiff's objection to Judge Bencivengo's April 9, 2007 order. The Court finds that this entire issue will be addressed, upon a complete and updated record that includes Judge Bencivengo's August 3, 2007 order, in the Court's forthcoming decision on B&D's pending motion for reconsideration. Accordingly, Plaintiff's motion is **DENIED** without prejudice as moot.

## II.    Motion for Reconsideration of Bifurcation

On June 13, 2007, the Court held a hearing on B&D's motion for summary judgment of laches. The Court denied B&D's motion at that hearing and discussion then ensued over the possibility of setting an expedited bench trial on B&D's equitable defenses of laches and estoppel. At B&D's urging, the Court and the parties agreed to schedule this bench trial beginning on December 17, 2007. In a June 20, 2007 written order confirming the Court's decision from the June 13 hearing, the Court explained that the trial of equitable defenses could be bifurcated from the rest of the trial proceedings relating to infringement. [Doc. #147 at 2-3.] Citing the Ninth Circuit case of Danjaq LLC v. Sony Corp., 263 F.3d 942 (9th Cir. 2001), the Court explained that, in deciding these equitable defenses, it would need to determine whether there has been any showing of willful infringement on the part of

06cv1572

1   Defendants that would act as a "counterdefense" to laches.  The Court invited any party to
2   make a motion for reconsideration of the decision to bifurcate the equitable portion of the trial
3   if they felt that the Court's determination of the willfulness issue presented a problem for any
4   subsequent jury trial proceedings.

5          On July 20, 2007, B&D accepted the Court's invitation and filed a motion for
6   reconsideration of bifurcation. [Doc. #171.]  B&D explained that it had not appreciated that
7   the Court itself would need to make a finding on willfulness, without the aid of a jury, in any
8   bifurcated trial on equitable defenses.  In light of this realization, and its desire to retain its
9   full rights to a jury determination on willfulness, B&D withdrew its request for an expedited
10  bench trial on its equitable defenses.

11         Plaintiff has opposed B&D's motion for reconsideration arguing that there is no
12  authority establishing any right to a jury trial on willfulness and, to the extent such a right
13  exists, B&D has waived its rights by continually requesting that the Court schedule a short
14  bench trial on laches before proceeding with the rest of the action.

15         The Court finds that the right to a jury trial on willfulness exists in a patent action that
16  will be tried to a jury.  See, e.g., Richardson v. Suzuki Motor Co., 886 F.2d 1226, 1250 (Fed.
17  Cir. 1989).  Having considered the submissions of the parties and the record of these
18  proceedings, the Court does not find that B&D has knowingly waived its right to a jury trial
19  on willfulness.  Moreover, the early bifurcated trial on equitable defenses was scheduled by
20  this Court in an effort to accommodate B&D's request for an early determination of laches,
21  which it argued, if found, would greatly expedite the conclusion of this matter.  Having
22  recognized that a laches determination requires that this Court determine, before any jury
23  has considered the question, whether Defendants willfully infringed Plaintiff's patent, B&D
24  has withdrawn its request.  The Court sees no reason to push ahead with a bifurcated trial
25  despite B&D's express wishes.

26         The Court's recognition of the practical ramifications of the intertwinement of
27  willfulness in any laches determination was the impetus for the Court's invitation to
28  reconsider in its June 20, 2007 order.  Having considered B&D's submission, which was

1  based upon the exact issues identified in this Court's own order, the Court hereby **GRANTS**

2  B&D's motion. The bifurcated bench trial on equitable defenses previously scheduled for

3  December 17, 2007 is hereby **VACATED**, along with all pretrial proceedings associated with

4  it, including the November 26, 2007 pretrial conference.

5

6  **III.    Motion to Stay Litigation Pending Reexamination**

7         On August 3, 2007, all Defendants jointly filed a motion for a stay of these

8  proceedings. Defendants' motion is based on B&D's pending request for reexamination of

9  Plaintiff's '184 Patent, which was filed with the U.S. Patent and Trademark Office ("PTO") on

10 July 30, 2007. The request for reexamination challenges, *inter alia*, all 5 claims of the '184

11 Patent that are asserted in the present litigation. The challenge is based on a number of

12 prior art references, almost all of which were apparently not considered by the PTO in the

13 prosecution of the '184 Patent.

14         Courts have inherent power to stay an action pending conclusion of PTO

15 reexamination proceedings. Ethicon, Inc. v. Quigg, 849 F.2d 1422,1426-27 (Fed. Cir. 1988).

16 The decision whether to grant or deny a motion to stay proceedings pending PTO

17 reexamination rests within the sound discretion of the court. See, e.g., Photoflex Products,

18 Inc. v. Circa 3 LLC, No. C 04-03715 JSW, 2006 U.S. Dist. LEXIS 37743, at *2-3 (N.D. Cal.

19 May 24, 2006). There is a "liberal policy" in favor of granting motions to stay pending the

20 outcome of PTO reexamination proceedings. ASCII Corp. v. STD Entertainment USA, Inc.,

21 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

22         In determining whether to stay litigation pending reexamination by the PTO, courts

23 generally consider the following factors: (1) the stage of litigation, i.e., whether discovery is

24 almost complete and whether a trial date has been set; (2) whether a stay would cause

25 undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether

26 a stay will simplify the issues in question and trial of the case. See, e.g., Xerox Corp. v.

27 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

28         The Court finds that this litigation has not proceeded so far that it would be unjust to

1    stay the action. Although this action was originally filed about a year ago, and the Court

2    recognizes that substantial amounts of discovery have already occurred, the more relevant

3    inquiry is whether discovery is nearing completion – it is not.[1]  For instance, Magistrate Judge

4    Bencivengo recently granted the parties permission to take an additional 10 depositions per

5    side. [See Doc. #159 at 2.]  No deadline for the completion of fact discovery has even been

6    set.  Moreover, the parties are just beginning to brief the preliminary issue of claim

7    construction and, in accordance with the decision above to vacate the bifurcated bench trial

8    on equitable defenses, no trial date is currently set for any aspect of this case.  In addition,

9    while the Court has already considered two motions for summary judgment, it previously put

10   off consideration of two others until after claim construction, and Plaintiff has just filed a

11   substantial summary judgment motion aimed at piercing Black & Decker's corporate veil.

12   The Court anticipates that further summary judgment motions regarding infringement and

13   patent validity will be filed once claim construction is complete.  Thus, a substantial amount

14   of resources will be employed by all parties and the Court even in advance of any eventual

15   trial.  See, e.g., Broadcast Innovation, L.L.C. v. Charter Communications, Inc., No. 03-cv-

16   2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 46623, at *26-31 (D. Colo. July 11, 2006) (granting

17   stay, in part, because of significant work remaining on motions for summary judgement, even

18   though trial date was less than three months away).

19          Plaintiff claims Defendants delayed filing their request for reexamination to gain a

20   tactical advantage over it.  He claims that Defendants were aware of the prior art that they

21   reference in their reexamination request over seven months ago, but purposely delayed so

22   that the '184 Patent would expire during the reexamination process, thereby precluding

23   Plaintiff from offering any amendments to the claims.  Defendants respond that there was no

24   intentional delay and that their decision to request reexamination was based, in part, on the

25   Supreme Court decision in KSR International Co. v. Teleflex Inc., 127 S. Ct. 1727 (2007),

26   which was only issued at the end of April.  The Court is not convinced that Defendants

27   _____

28          [1] In reaching this determination, the Court has considered the surreply submitted by Plaintiff and, therefore, the pending ex parte request to file a surreply [Doc. #201] is **GRANTED**.

1  employed any improper tactics in filing their request for reexamination. While Plaintiff is

2  rightfully concerned that a reexamination in the twilight of his patent puts him at a distinct

3  disadvantage, he could have prevented this situation by filing suit many years ago, thereby

4  allowing sufficient time for any reexamination to occur before the patent expired.

5          Therefore, Plaintiff's cognizable claims of prejudice if a stay should be entered

6  basically boil down to his inconvenience in delaying final collection of any monetary award

7  of royalties, assuming he ultimately wins. However, as the court recognized in Broadcast,

8  the prejudice factor "is best summarized by one question: *do the Plaintiffs have an adequate*

9  *remedy at law?*" 2006 U.S. Dist. LEXIS 46623, at *32. Just as in Broadcast, the answer

10  here is that clearly Plaintiff does have an adequate remedy. Defendants point out, and

11  Plaintiff has not disputed, that the '184 Patent will expire in February 2008 independent of

12  reexamination. Given that a trial on the merits could not occur prior to that date, Plaintiff

13  would not have been granted any injunctive relief by this Court. Therefore, his claim would

14  be restricted to past monetary damages, which, with the addition of prejudgment interest, are

15  fully capable of compensating Plaintiff. Unfortunately, reexamination can be a drawn out

16  process, resulting in a significant delay in court proceedings. Protracted delay is always a

17  risk inherent in granting a stay, yet courts continue to stay actions pending reexamination.

18  The general prejudice of having to wait for resolution is not a persuasive reason to deny the

19  motion for stay. An average delay for reexamination of approximately 18-23 months is

20  especially inconsequential where Plaintiff himself waited as many as twelve years before

21  bringing the present litigation. (See PTO Reexamination Statistics at Ex. B to Niro Decl.;

22  Doc. #180-3.)

23          In addition, the Federal Circuit has recently confirmed that the PTO would not be

24  bound in its reexamination by the determinations of this Court. In re Trans Texas Holdings

25  Corp., 2006-1599 and 2006-1600, 2007 U.S. App. LEXIS 19909, at *14-19 (Fed. Cir. Aug.

26  22, 2007). Because of this, the Court finds that not only is Plaintiff unlikely to be prejudiced

27  in these proceedings by a stay pending the PTO reexamination, but Defendants would

28  potentially be prejudiced by *failing* to enter a stay. One court has explained this possibility

7

1  accordingly:

2

3          Not only could the Court and the PTO reach conflicting determinations, but
           one possible scenario could result in irreparable harm to [Defendant]: if this
           Court finds that the [patent] is not invalid and that [Defendant] has infringed
4          it, and orders [Defendant] to pay damages to [Plaintiff] for such infringement,
           then [Defendant] would have no ability to recover those damages if at a later
5          date the PTO determined that the [] patent is invalid.

6  Bausch & Lomb, Inc. v. Alcon Lab., Inc., 914 F. Supp. 951, 952 (W.D.N.Y. 1996). The Court

7  finds such a possibility to be, at a minimum, a highly undesirable outcome.

8          Finally, the Court finds that the stay will result in the simplification of issues in this

9  case. As explained by the Federal Circuit, "[o]ne purpose of the reexamination procedure

10 is to eliminate trial of [the issue of patent claim validity] (when the claim is canceled) or to

11 facilitate trial of that issue by providing the district court with the expert view of the PTO

12 (when a claim survives the reexamination proceeding)." Gould v. Control Laser Corp., 705

13 F.2d 1340, 1342 (Fed. Cir. 1983), cert. denied, 464 U.S. 935 (1983). The Broadcast court,

14 elaborating on this point, explained:

15         Shifting the patent validity issue to the PTO has many advantages, including:

16         1. All prior art presented to the Court will have been first considered by the
           PTO, with its particular expertise.
17
           2. Many discovery problems relating to prior art can be alleviated by the PTO
18         examination.

19         3. In those cases resulting in effective invalidity of the patent, the suit will
           likely be dismissed.
20
           4. The outcome of the reexamination may encourage a settlement without
21         the further use of the Court.

22         5. The record of reexamination would likely be entered at trial, thereby
           reducing the complexity and length of the litigation.
23
           6. Issues, defenses, and evidence will be more easily limited in final pretrial
24         conferences after a reexamination.

25         7. The cost will likely be reduced both for the parties and the Court.

26 2006 U.S. Dist. LEXIS 46623, at *9-10 (quoting Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.,

27 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987)).

28         The Court believes that it will benefit from the PTO's evaluation of how the previously

                                          8

1 | unconsidered prior art references impact the claims of the patent-in-suit. The PTO's expert
2 | evaluation is likely to be of assistance not only as to the issues of validity, but its
3 | understanding of the claims is also likely to aid this Court in the preliminary process of claim
4 | construction.

5 |      The Court finds that, especially in this case, the reexamination process has the
6 | potential to significantly narrow the issues for trial because of the impending expiration of the
7 | '184 Patent. While the parties have argued at length about exactly how this additional
8 | variable affects the calculation of the likely outcome of reexamination, the Court need not
9 | resolve this dispute to reach the proper conclusion. It is enough to note that when
10 | reexamination is requested by a third party, as in this case, all claims are confirmed only 29%
11 | of the time. (See PTO Reexamination Statistics at Ex. B to Niro Decl.; Doc. #180-3.) Since
12 | no amendments can be offered to an expired patent, there is obviously a significant likelihood
13 | that the validity of the claims at issue in this action will be affected by the reexamination
14 | process.[2]

15 |      In addition, the Court expects that the reexamination process will not only aid the
16 | Court in these proceedings, but should also redound to the benefit of the parties, both
17 | Defendants and Plaintiff. As the Broadcast court explained in its discussion of the possibility
18 | of prejudice from entering a stay:

19 |     If the PTO does not invalidate or otherwise alter the claims of the [] patent, the Plaintiffs' legal remedy remains unaffected . . . . Moreover, if the claims
20 | are narrowed, both sets of parties will have benefitted by avoiding the needless waste of resources before this Court, and again, the Plaintiffs will
21 | be able to pursue their claim for money damages at trial. Finally, if the claims are strengthened, the Plaintiffs' position will be as well, and their likelihood
22 | of monetary damages will increase. See, e.g., Motson, 2005 U.S. Dist. LEXIS, 2005 WL 3465664 at *1 ("[I]f the PTO upholds the validity of plaintiff's
23 | patent, 'the plaintiff's rights will only be strengthened, as the challenger's burden of proof becomes more difficult to sustain.'") (quoting Pegasus Dev.
24 | Corp., 2003 U.S. Dist. LEXIS 8052, 2003 WL 21105073 at *2).

25 |

---

26 |     [2] Plaintiff has argued that the PTO is unlikely to grant reexamination precisely because
27 | the '184 Patent will expire soon. However, Plaintiff failed to produce any evidence to support this contention. Moreover, even if Plaintiff is correct, and the PTO fails to grant reexamination (a decision which should issue no later than October 30, 2007), this Court
28 | would immediately lift the stay and these proceedings would continue – a relatively insignificant 2-month delay being all that would result.

1  2006 U.S. Dist. LEXIS 46623, at *32-33.  Accordingly, the Court finds that a stay is

2  appropriate to avoid the risk of unnecessary litigation and to permit the clarification of issues

3  before this Court.

4        Therefore, Defendants' motion to stay this litigation is **GRANTED IN PART** and

5  **DENIED IN PART**.  With the exception of two pending motions, all proceedings are hereby

6  stayed pending the PTO's reexamination of the '184 Patent.  The Court will continue to hear

7  Plaintiff's pending motion for entry of default against Defendant Porter-Cable Corporation

8  [Doc. #182], which is calendared for hearing on October 12, 2007.  As was discussed above

9  in Section I, the Court will also continue to hear B&D's pending motion for reconsideration

10  of Magistrate Judge Bencivengo's August 3, 2007 order regarding production of Dennis

11  Dearing's attorney work product [Doc. #240], which is calendared for hearing on November

12  2, 2007.  The Clerk is directed to **VACATE** all scheduled discovery hearings, as well as the

13  claim construction hearing previously set for November 19, 2007.  All hearing dates will be

14  reset, to the extent appropriate, once the stay of these proceedings has been lifted.

15        Defendants are ordered to file a notice informing the Court of the PTO's decision on

16  the pending application for reexamination within 10 days of receipt of such decision.  If the

17  PTO declines B&D's request to reexamine the '184 Patent, the Court will immediately lift the

18  stay and recalendar all vacated hearing dates.    If, however, the PTO approves

19  reexamination, this stay will remain in place pending some resolution of those proceedings.

20  During the pendency of the reexamination, Defendants will be required to file a notice every

21  6 months apprising the Court of any change in the status of those proceedings.

22

23  **IV.**    **Motion for Partial Summary Judgment**

24        On August 30, 2007, Plaintiff filed a motion for partial summary judgment piercing the

25  corporate veils of the Black & Decker Defendants, or in the alternative, holding them to be

26  a single enterprise for purposes of patent infringement liability.  [Doc. #204.]  The motion is

27  presently calendared for hearing on October 26, 2007.  In light of the Court's entry of a stay

28  of these proceedings pending the PTO patent reexamination, the Court finds Plaintiff's

1  motion to be premature.  Accordingly, the Court hereby **DENIES** Plaintiff's motion without

2  prejudice.[3] As the Court is aware of the substantial volume of Plaintiff's motion, he is invited

3  to refile this motion once the stay has been lifted by simply filing a short notice of motion

4  which incorporates by reference his earlier filing.

5

6  **IT IS SO ORDERED.**

7

   DATED:  September 10, 2007

8

9                                                        _Barry Ted Moskowitz_

10                                                       Honorable Barry Ted Moskowitz
                                                         United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28      [3] Plaintiff's pending motion to file confidential documents under seal in support of the
        motion for partial summary judgment [Doc. #204-5] is also **DENIED** as moot.

                                          11                              06cv1572

**EXHIBIT D**

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**
10
11    JENS ERIK SORENSEN,                    CASE NO. 07CV2121 BTM (CAB)
12                          Plaintiff,        ORDER GRANTING DEFENDANT'S
              vs.                             MOTION FOR STAY PENDING
13                                            PATENT REEXAMINATION
      GIANT INTERNATIONAL (USA) LTD.,
14
                            Defendant.
15
16         For the reasons stated in the Court's order granting stay in  Sorensen v. Black and
17    Decker, 06cv1572, Docket No. 243 and on the record at the February 25, 2008 status
18    conference in Sorensen v. Helen of Troy, 06cv2278, the Court GRANTS without prejudice
19    Defendant's motion for stay.  The Court concludes that a reasonable stay is appropriate in
20    this case because the litigation is in its early stages, Plaintiff has not established undue
21    prejudice, and the reexamination will simplify issues for the Court and save expense for the
22    parties. See, e.g., Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).
23    However, if it appears that the reexamination will not be effected within a reasonable time,
24    Plaintiff may move to vacate the stay.  Additionally, any party may apply to the Court for an
25    exception to the stay if it has specific, valid reasons to believe that it needs to obtain
26    discovery in order to preserve evidence that will otherwise be unavailable after the stay.
27    //
28    //

                                          1                                    07CV2278

1  Defendant is ordered to file a notice informing the Court of the PTO's decision on the pending

2  application for reexamination within 10 days of receipt of such decision.

3

4

5  IT IS SO ORDERED.

6

7  DATED:  February 28, 2008

8

9                                                  Honorable Barry Ted Moskowitz
                                                   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

07CV2278

**EXHIBIT E**

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        SOUTHERN DISTRICT OF CALIFORNIA
10
11    JENS ERIK SORENSEN as Trustee of          CASE NO. 07CV2277 BTM (CAB)
      SORENSEN RESEARCH AND
12    DEVELOPMENT TRUST,                        ORDER GRANTING DEFENDANT'S
                                                MOTION TO STAY PENDING
13                              Plaintiff,       REEXAMINATION PROCEEDINGS
                 vs.
14
15    ESSEPLAST (USA) NC, INC. AND
      DOES 1-10,
16                             Defendant.
17
18         For the reasons stated in the Court's order granting stay in  Sorensen v. Black and
19    Decker, 06cv1572, Docket No. 243 and on the record at the February 25, 2008 status
20    conference in Sorensen v. Helen of Troy, 06cv2278, the Court GRANTS without prejudice
21    Defendant's motion for stay.  The Court concludes that a reasonable stay is appropriate in
22    this case because the litigation is in its early stages, Plaintiff has not established undue
23    prejudice, and the reexamination will simplify issues for the Court and save expense for the
24    parties.  See, e.g., Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).
25    However, if it appears that the reexamination will not be effected within a reasonable time,
26    Plaintiff may move to vacate the stay.  Additionally, any party may apply to the Court for an
27    exception to the stay if it has specific, valid reasons to believe that it needs to obtain
28    discovery in order to preserve evidence that will otherwise be unavailable after the stay.

                                              1                    07CV 2277 BTM (CAB)

1 | Defendant is ordered to file a notice informing the Court of the PTO's decision on the pending

2 | application for reexamination within 10 days of receipt of such decision.

3 | IT IS SO ORDERED.

4 |

5 | DATED:  March 19, 2008

6 |

7 | Honorable Barry Ted Moskowitz
United States District Judge

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

2

**EXHIBIT F**

1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10
11  JENS ERIK SORENSEN as Trustee of        CASE NO. 07CV2321 BTM (CAB)
    SORENSEN RESEARCH AND
12  DEVELOPMENT TRUST,                      ORDER GRANTING DEFENDANT'S
                                            MOTION TO STAY PENDING
13                          Plaintiff,      REEXAMINATION PROCEEDINGS

14          vs.

15  ENERGIZER HOLDINGS INC.,
    EVEREADY BATTERY COMPANY, INC.
16  and DOES 1-100,

17                          Defendant.

18       For the reasons stated in the Court's order granting stay in <u>Sorensen v. Black and</u>

19  <u>Decker</u>, 06cv1572, Docket No. 243 and on the record at the February 25, 2008 status

20  conference in <u>Sorensen v. Helen of Troy</u>, 06cv2278, the Court GRANTS without prejudice

21  Defendant's motion for stay.  The Court concludes that a reasonable stay is appropriate in

22  this case because the litigation is in its early stages, Plaintiff has not established undue

23  prejudice, and the reexamination will simplify issues for the Court and save expense for the

24  parties.  <u>See</u>, <u>e.g.</u>, <u>Xerox Corp. v. 3Com Corp.</u>, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

25  However, if it appears that the reexamination will not be effected within a reasonable time,

26  Plaintiff may move to vacate the stay.  Additionally, any party may apply to the Court for an

27  exception to the stay if it has specific, valid reasons to believe that it needs to obtain

28  discovery in order to preserve evidence that will otherwise be unavailable after the stay.

                                    1

1    Defendant is ordered to file a notice informing the Court of the PTO's decision on the pending

2    application for reexamination within 10 days of receipt of such decision.

3    IT IS SO ORDERED.

4

5    DATED:  March 19, 2008

6

7                                Honorable Barry Ted Moskowitz
                                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CV2321 BTM (CAB)

# EXHIBIT G

1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11   JENS ERIK SORENSEN,                    CASE NO. 07CV2278 BTM (CAB)
12                          Plaintiff,      ORDER RE: (1) PLAINTIFF'S
                                            REQUEST FOR DEFAULT AND (2)
13             vs.                          DEFENDANT'S MOTION FOR STAY
                                            PENDING PATENT
14   HELEN OF TROY and OXO                  REEXAMINATION
     INTERNATIONAL LTD.,
15
                            Defendant.
16

17        For the reasons set forth on the record at the status conference held on February 25,

18   2008, the Court denies Plaintiff's request for entry of default and grants Defendants 60 days

19   from the date of the status conference to file their answer on behalf of the correct entities

20   served in this action. The Court orders the Clerk of the Court not to enter default pursuant

21   to Plaintiff's request for entry of default. (Docket No. 20.)

22        Also, for the reasons stated on the record and in the Court's order granting stay in

23   Sorensen v. Black and Decker, 06cv1572, Docket No. 243, the Court also GRANTS without

24   prejudice Defendant's motion for stay. The Court concludes that a reasonable stay is

25   appropriate in this case because the litigation is in its early stages, Plaintiff has not

26   established undue prejudice, and the reexamination will simplify issues for the Court and

27   save expense for the parties. See, e.g., Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404,

28   406 (W.D.N.Y. 1999). However, if it appears that the reexamination will not be effected within

1

1  a reasonable time, Plaintiff may move to vacate the stay. Additionally, any party may apply

2  to the Court for an exception to the stay if it has specific, valid reasons to believe that it

3  needs to obtain discovery in order to preserve evidence that will otherwise be unavailable

4  after the stay. Defendant is ordered to file a notice informing the Court of the PTO's decision

5  on the pending application for reexamination within 10 days of receipt of such decision.

6      Finally, during the status conference held on February 25, 2008, the Court discussed

7  with the parties the option of transferring the various cases filed by Plaintiff regarding the '184

8  patent and initiating a consolidated multi-district litigation proceeding. The parties informed

9  the Court that they would consider the matter and inform the Court of its decision.

10  IT IS SO ORDERED.

11  DATED:  February 28, 2008

12

13                                          Honorable Barry Ted Moskowitz
                                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CV2278