1
2

MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

3
4
5
6

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com

7
8
9
10

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

11
12
13
14

UNITED STATES DISTRICT COURT

15

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17 JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br> Plaintiff <br><br> v. <br><br> METABO CORPORATION, a Delaware Corporation; METABOWERKE GMBH, a German Corporation; and DOES 1 – 100, <br><br> Defendants. | ) Case No. 08 CV 304 BTM CAB <br> ) <br> ) **PLAINTIFF'S OPPOSITION TO** <br> ) **MOTION TO STAY THE** <br> ) **LITIGATION PENDING THE** <br> ) **REEXAMINATIONS OF U.S.** <br> ) **PATENT NO. 4,935,184** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................iii

SUMMARY OF OPPOSITION ........................................................................................... 1

FACTUAL SUMMARY ...................................................................................................... 1

ARGUMENT ........................................................................................................................ 2

I.     PROCEEDINGS ON ISSUES IN THIS CASE THAT ARE UNRELATED
TO THE SUBJECT MATTER OF THE PENDING REEXAMINATIONS
SHOULD NOT BE STAYED..................................................................................... 3

     A.    Proceedings On Procedural Issues Raised By The Pleadings Should
Not Be Stayed. ................................................................................................ 4

     B.    Proceedings On Affirmative Defenses Unrelated To Issues
Being Addressed In Reexamination Should Not Be Stayed................ 4

     C.    Proceedings on Patent Invalidity and/or Unenforceability
Claims Outside of the Scope of the Reexamination Proceedings
Should Not Be Stayed. ..................................................................................... 5

II.    THIS CASE SHOULD NOT BE STAYED BECAUSE THE ISSUES
IN THE PENDING REEXAMINATIONS CAN BE RELITIGATED
IN THIS COURT ........................................................................................................ 5

III.   NOTHING HAS HAPPENED THAT HAS IMPAIRED THE VALIDITY
OR ENFORCEABILITY OF THE SUBJECT PATENT .............................. 6

IV.   THIS CASE ALSO SHOULD NOT BE STAYED BECAUSE A STAY
WOULD RESULT IN UNDUE PREJUDICE TO PLAINTIFF. ................... 7

CONCLUSION.................................................................................................... 8

1

**TABLE OF AUTHORITIES**

2

<u>Cases</u>

3

*Acoustical Design, Inc. v. Control Elecs. Co.,* 932 F.2d 939, 942, 18
USPQ2d 1707, 1710 (Fed. Cir.) ...............................................................................6

4

5

*ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380
(N.D.Cal. 1994) ........................................................................................................3

6

*Blackboard, Inc. v. Desire2Learn, Inc.,* Civil Action No. 9:06-CV-155
(E.D. Tex. 2008) .......................................................................................................7

7

8

*Sony Computer Entertainment America Inc. v. Dudas*, 2006 WL 1472462,
     at *4 (E.D.Va. May 22, 2006).................................................................................6

9

*Hoechst Celanese Corp. v. BP Chemical Ltd.*, 78 F.3d 1575, 1584 (Fed.
Cir. 1996). .................................................................................................................7

10

11

*Jain v. Trimas Corp.*, 2005 WL 2397041, at *1 (E.D. Cal. 2005) .........................3

*KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *2 (N.D.
Cal. 2006)..................................................................................................................3

12

13

*MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 562-63 (E.D.
Va. 2007) ...................................................................................................................7

14

15

*NTP, Inc. v. Research in Motion, Ltd.,* 397 F. Supp. 2d 785, 788
(E.D.Va. 2005)..........................................................................................................7

16

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 2007 WL 2990152,
     at *1 (N.D.Cal. Oct. 11, 2007) ...............................................................................6

17

18

*Ricoh Co. v. Aeroflex Inc.*, 2006 WL 3708069, at *2 (N.D. Cal. 2006) ..................2

*Sorensen v. Lexar Media, Inc.*, Case No. 08CV00095......................................  2

19

20

*Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp .2d 1107, 1111 (N.D.
     Cal. 2006). ..............................................................................................................8

21

<u>Statutes</u>

22

35 U.S.C. §301 ..........................................................................................................3

23

35 U.S.C. §302 ..........................................................................................................3

24

35 U.S.C. §303 ..........................................................................................................6

25

35 U.S.C. § 315(c) .....................................................................................................6

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SUMMARY OF OPPOSITION

The Court should not stay resolution of any procedural or other issues that are unrelated to the substantive issues that are the subject of the patent reexaminations of the subject patent.

Stay of the entire case is also inappropriate because of the undue prejudice to Plaintiff and the likelihood that the stay will extend for an unreasonable length of time.

## FACTUAL SUMMARY

In July 2007, an entity that is not party to this case, Black & Decker, filed a request for reexamination of U.S. Patent 4,935,184 ("'184 patent") ("1st reexam"). As with 96% of all such recent requests[1], the 1st reexam request was granted. In December 2007, co-defendants to Black & Decker filed another request for reexamination of the '184 patent ("2nd reexam") which was also granted. *Kramer Decl.* ¶ 4.

Since that time, no office actions have issued from the PTO, no claims have been amended, no claims have been cancelled. Only 10 percent of all reexamination requests granted by the PTO result in cancellation of all claims of a patent. *Kramer Decl.* ¶ 5.

On April 30, 2008, Judge James Ware of the United States District Court for Northern California denied a request to stay in another infringement action on the '184 patent as follows:

> While the '184 Patent is in reexamination, the examiner at the PTO has not as of yet cancelled any claims or issued a final office action. [cite omitted]  A reexamination may take up to several years to run its course. [cite omitted].  As of the 2007 (*sic*), the PTO determined that the average pendency of an *ex parte* reexamination is two years. (*Id*.) Appeals create potential for the process to take even longer. In that

---

[1] "Dennis Crouch's Patently-O", June 6, 2008, patent@gmail.com, a patent law blog provided by Dennis Crouch of McDonnell Boehnen Hulbert & Berghoff LLP

1
2

> time, the Court could make substantial progress in interpreting the
> patent at issue and otherwise moving the action toward resolution.

3

4

*Sorensen v. Lexar Media, Inc.*, Case No. 08CV00095, (N.D.Cal, April 30, 2008),

Docket #27, p. 2:5-13. *Request for Judicial Notice,* Exhibit 1.

5

6

7

On May 23, 2008, in the related case of *Sorensen v. Star Asia*, this Court
ordered only a partial stay, declining to stay resolution of the asserted threshold
procedural questions of personal jurisdiction and venue.

8

9

10

11

12

13

14

15

Information is beginning to come to light demonstrating that the '184 patent
reexaminations are unlikely to be completed within two years.  Well-known
intellectual property attorney and law professor, Harold Wegner, (and incidentally, a
partner at Foley & Lardner, attorneys for the parties filing the 2nd reexam), has been
reported in the San Diego Intellectual Property Lawyers Association journal as
stating that "today the average ex parte reexamination takes about 5 years (vs. the
PTO's claim that it takes 2 years).  If an appeal to the CAFC is involved, that extends
the period to 7.7 years." *Kramer Decl.* ¶ 6.

16

17

18

19

20

SRDT has conducted its own research and found over 90 completed
reexaminations that took in excess of seven years to complete.  Further, SRDT found
many other reexaminations for which no certificate has yet issued after many years
in the reexamination process.   A non-comprehensive listing of these reexaminations
is attached hereto as Appendix A and B.  *Kramer Decl.* ¶ 7.

21

22

**ARGUMENT**

23

24

25

26

27

28

When determining the appropriateness of a stay pending reexamination, courts
consider three factors: "(1) whether a stay would unduly prejudice or present a clear
tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the
issues in question and trial of the case; and (3) whether discovery is complete and
whether a trial date has been set." *Ricoh Co. v. Aeroflex Inc.*, 2006 WL 3708069, at
*2 (N.D. Cal. 2006) (citing *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F.

1
2
3

Supp. 1378, 1380 (N.D.Cal. 1994)); *see also Jain v. Trimas Corp.*, 2005 WL 2397041, at \*1 (E.D. Cal. 2005); *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at \*2 (N.D. Cal. 2006).

4
5
6

     As will be detailed below, consideration of these factors do not warrant a stay of this case, especially as to portions of the case that are unrelated to the substantive issues that are the subject of the pending reexaminations.

7
8
9

I.      PROCEEDINGS ON ISSUES IN THIS CASE THAT ARE UNRELATED TO THE SUBJECT MATTER OF THE PENDING REEXAMINATIONS SHOULD NOT BE STAYED.

10
11
12
13
14
15
16
17
18

     The scope of a patent reexamination is strictly limited by statute. "Any person at any time may file a request for reexamination by the [US Patent and Trademark] Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title." 35 U.S.C. §302 (2006). Prior art under section 301 means "prior art consisting of patents or printed publications which that person believes to have a bearing on the patentability of any claim of a particular patent." 35 U.S.C. §301 (2006). The subjective belief of a requestor that the prior art might "have a bearing on . . . patentability" is not a very high standard, especially when the requestor is a litigant and has a vested interest in the outcome.

19
20
21
22
23
24

     Reexaminations of patents are much narrower in scope than the wide-ranging set of issues dealt with in infringement and/or declaratory relief actions involving the same patent. Furthermore, the resulting decisions from the PTO on *ex parte* reexaminations such as those currently pending on the '184 patent are not binding on either the requestors (Black & Decker and its co-defendants) nor on the Defendant in this case. As such, a patent reexamination is not a substitute for trial.

25
26
27
28

     Because the reexaminations are limited to narrow issues, there is no reason to stay proceedings in this litigation on matters that do not fall within that narrow spectrum. In this case, those issues include at least three procedural issues, three asserted equitable affirmative defenses, and several asserted patent invalidity and/or

1    unenforcability affirmative defenses.

2

3        A.    Proceedings On Procedural Issues Raised By The Pleadings Should Not
              Be Stayed.

4        Metabo has raised the following procedural issues in its Answer (Docket #12):

5    (1) venue (denied in paragraph 7); and (2) failure to state a claim (first affirmative

6    defense).

7        The reexaminations ongoing before the PTO have no bearing on either of

8    these issues and therefore a stay will not serve to simplify the issues in question. A

9    stay, however, would prejudice Plaintiff through a wholly unnecessary delay in

10   resolution of these threshold procedural issues.

11       As this Court ruled in the *Sorensen v. Star Asia* case, discovery and any other

12   proceedings relating to these two issues should not be stayed.

13

14       B.    Proceedings On Affirmative Defenses Unrelated To Issues Being
              Addressed In Reexamination Should Not Be Stayed.

15       Metabo has asserted the following substantive affirmative defenses that are

16   unrelated to the reexamination proceedings:  (1) "laches, estoppel, and/or waiver."

17   (Answer, Docket #12, eighth affirmative defense); and (2) estoppel on the grounds of

18   positions taken during prosecution of the patent (ninth affirmative defense).

19       The reexaminations ongoing before the PTO have no bearing on either of

20   these affirmative defenses and therefore a stay will not serve to simplify the factual

21   or legal issues presented by these defenses.  A stay, however, would, prejudice

22   Plaintiff through a wholly unnecessary delay in resolution of these affirmative

23   defenses to infringement.  Discovery and any proper proceedings relating to these

24   two affirmative defenses should not be stayed.

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C.    Proceedings on Patent Invalidity and/or Unenforceability Claims Outside of the Scope of the Reexamination Proceedings Should Not Be Stayed.

Metabo has asserted various affirmative defenses of claimed patent invalidity and/or unenforceability that only partially overlap with the pending reexamination proceedings. Metabo asserts that the claimed invention was in public use or was on sale more than one year prior to the date of application (fifth affirmative defense, in part).

This issue is not based upon prior patent or prior printed publications and does not fall within the scope of any possible patent reexamination proceeding. As such, this Court will receive no assistance in resolving these matters from any PTO decision on the reexaminations.

There is no basis for delaying a resolution on defenses to infringement that bear no relation to issues that are the subject of the pending reexaminations. The Court should proceed with discovery and related proceedings on these asserted defenses.

II.   THIS CASE SHOULD NOT BE STAYED BECAUSE THE ISSUES IN THE PENDING REEXAMINATIONS CAN BE RELITIGATED IN THIS COURT.

There are two types of patent reexaminations: (1) *ex parte* reexaminations; and (2) *inter partes* reexaminations.

In *inter partes* reexaminations, both the patent holder and the party requesting reexamination participate in the proceedings. Due to the involvement by both parties, the resulting reexamination decision is binding on both parties.

In *ex parte* reexaminations, however, the party requesting reexamination has no participation in the proceedings after the filing of the request, with the exception of a potential reply if the patentee files the optional patent holder statement. Because the requestor does not participate in the proceedings, the requestor is not bound by

Case No. 08cv304 BTM CAB

5.

1
2
3
4
5
6

the outcome and can relitigate the very invalidity arguments that the PTO rejected in subsequent litigation. *See* 35 U.S.C. § 315(c); *Sony Computer Entertainment America Inc. v. Dudas*, 2006 WL 1472462, at *4 (E.D.Va. May 22, 2006) (federal patent laws provide "for broad estoppel provisions pertaining to inter partes reexaminations that do not apply to ex parte reexaminations"); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 2007 WL 2990152, at *1 (N.D.Cal. Oct. 11, 2007).

7
8
9

Because each and every issue now pending before the PTO in the 1st and 2nd reexaminations can be relitigated in this lawsuit, a stay pending completion of the reexamination will not simplify any issues.

10
11

III.    NOTHING HAS HAPPENED THAT HAS IMPAIRED THE VALIDITY OR ENFORCEABILITY OF THE SUBJECT PATENT.

12
13
14
15
16
17
18
19
20

[T]he grant by the examiner of a request for reexamination is not probative of unpatentability. The grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met (*i.e.,* that a "substantial new question of patentability" has been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity.[FN2] *See Acoustical Design, Inc. v. Control Elecs. Co.,* 932 F.2d 939, 942, 18 USPQ2d 1707, 1710 (Fed. Cir.) ("initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims"), *cert. denied,* 502 U.S. 863, 112 S.Ct. 185, 116 L.Ed.2d 146 (1991).

21
22
23
24

FN2. The Annual Report of the Patent and Trademark Office for 1994 states that 89% of the reexamination requests were granted that year, but only 5.6% of the reexamined patents were completely rejected with no claims remaining after reexamination.

25

*Hoechst Celanese Corp. v. BP Chemical Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996)[2].

26
27
28

[2] As noted above, "Dennis Crouch's Patently-O", June 6, 2008, patent@gmail.com, a patent law blog provided by Dennis Crouch of McDonnell Boehnen Hulbert & Berghoff LLP, asserts that the recent rate for granting of reexamination requests is now 96%, and further suggests that most of the rejections are on procedural grounds.

1       In *NTP, Inc.*, the court refused to grant an alleged infringer the "extraordinary

2   remedy" of a stay of litigation pending reexamination. *NTP, Inc. v. Research in*

3   *Motion, Ltd.,* 397 F. Supp. 2d 785, 788 (E.D.Va. 2005). The court noted that the

4   patent holder's estimate of several years was "reality-based" in comparison to the

5   alleged infringer whose estimate of months required "turning a blind eye to the many

6   steps" that are involved in the reexamination process. In denying the requested stay,

7   the court stated: "any attempt at suggesting a likely time frame and outcome of the

8   PTO reexamination process is merely speculation." *Id.*; see also *Blackboard, Inc. v.*

9   *Desire2Learn, Inc.,* Civil Action No. 9:06-CV-155 (E.D. Tex. 2008) (court denied

10  stay and recently proceeded to a plaintiff's verdict despite e*x parte* and *inter partes*

11  reexaminations that had been ordered 13 months prior and in which no office actions

12  had yet been issued). Other cases have reaffirmed that district courts are not

13  obligated to issue stays, including *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp.

14  2d 556, 562-63 (E.D. Va. 2007).

15      Nothing is before the Court that impairs the validity or enforceability of the

16  '184 patent and the outcomes of the reexaminations are unlikely to simplify

17  anything. A stay of this case would thus be inappropriate.

18

19  IV.   THIS CASE ALSO SHOULD NOT BE STAYED BECAUSE A STAY
          WOULD RESULT IN UNDUE PREJUDICE TO PLAINTIFF.

20      Plaintiff hereby incorporates its arguments contained in Oppositions to

21  Motions for Stay in related '184 patent cases[3] and the response to OSC re Stay in the

22

23  ---
    [3] *Sorensen v. Kyocera International, Inc., et al.*, Case No. 08cv411; *Sorensen v. Central*
24  *Purchasing, LLC, et al.*, Case No. 08cv309; *Sorensen v. Logitech, Inc., et al.*, Case No. 08cv308;
    *Sorensen v. Sunbeam Products, Inc., et al.*, Case No. 08cv306; *Sorensen v. CTT Tools, Inc., et al.,*
25  Case No. 08cv231; *Sorensen v. Global Machinery Company, et al.*, Case No. 08cv233; *Sorensen v.*
    *Emissive Energy Corp., et al.,* Case No. 08cv234; *Sorensen v. Motorola, Inc., et al.,* Case No.
26  08cv0136; *Sorensen v. Ryobi Technologies, Inc., et al.*, Case No. 08cv0070; *Sorensen v. Emerson*
    *Electric Co., et al,* Case No. 08cv0060; *Sorensen v. Energizer Holdings, Inc., et al,* Case No.
27  07cv2321; *Sorensen v. Giant International, Inc., et al,* Case No. 07cv2121; *Sorensen v. Esseplast*
    *(USA) NC, Inc., et al,* Case No. 07cv2277; *Sorensen v. Helen of Troy Texas Corporation, et al,*
28  Case No. 07cv2278; *Sorensen v. The Black & Decker Corporation, et al*, Case No. 06cv1572.

Case No. 08cv304 BTM CAB

1    related *Sorensen v. Star Asia* case[4] showing that it is unlikely that the pending

2    reexaminations will be completed within a reasonable period of time, and certainly

3    not within the 18-24 month typical pendency reported by the USPTO.

4    Motions to stay pending patent reexamination have been denied where the

5    likely length of reexamination will serve to exacerbate the risk of lost evidence.

6    *Telemac Corp. v. Teledigital, Inc*., 450 F. Supp .2d 1107, 1111 (N.D. Cal. 2006).

7    For the reasons explained in detail in the Oppositions to Motion for Stay in

8    related '184 patent cases, incorporated herein by reference, the expected delay

9    pending completion of the reexaminations is very likely to result in loss of evidence,

10   and loss of the ability to timely name and identify all necessary defendants.  If

11   Plaintiff is unable to identify defendants and others in possession of necessary

12   evidence, there is no way to ensure that evidence will be preserved during the stay.

13   The Court should provide Plaintiff the ability to request an exception to stay to

14   preserve evidence.  Such a provision needs to include a provision for Plaintiff to

15   obtain initial disclosures that identify witnesses and other evidence. Plaintiff needs

16   these initial disclosures to determine whether there are specific evidence items that

17   require immediate capture to prevent loss.

18   Lengthy reexamination proceedings and corresponding lengthy stays

19   undermine the legislative mandate of "special dispatch," and also undermine the

20   intent of the Local Patent Rules to get cases to claim construction within

21   approximately 9 months and trial within 18 months of filing.  The Local Patent Rules

22   timeframe cannot be satisfied when lawsuits are stayed for reexamination.  Further,

23   in those cases where the Defendants have alleged a laches claim (whether or not

24   meritorious), the delay from a reexamination stay can only exacerbate the prejudice

25   problems that the laches defense is intended to address.

26

27

28   ---

[4] *Sorensen v. Star Asia*, Case No. 08cv307.

Case No. 08cv304 BTM CAB

1    A stay would be unduly prejudicial to the Plaintiff and subject Plaintiff to a

2  clear tactical disadvantage.  No stay should issue.

3

4                                            **CONCLUSION**

5        The Court should not stay resolution of any threshold procedural or other

6  issues that are unrelated to the substantive issues that are the subject of the patent

7  reexaminations of the subject patent, specifically the following: (1) procedural

8  issues; (2) affirmative defenses unrelated to the pending reexaminations; and (3)

9  invalidity and/or enforceability claims that are outside of the scope of the

10  reexaminations.

11        Stay of the entire case is also inappropriate because of the undue prejudice to

12  Plaintiff and the likelihood that the stay will extend for an unreasonable length of

13  time.

14
    DATED this Friday, June 06, 2008.
15

16                                              JENS ERIK SORENSEN, as Trustee of
                                                SORENSEN RESEARCH AND DEVELOPMENT
17                                              TRUST, Plaintiff

18
                                                /s/ Melody A. Kramer
19                                              _____
                                                Melody A. Kramer, Esq.
20                                              J. Michael Kaler
                                                Attorney for Plaintiff
21

22

23

24

25

26

27

28

Case No. 08cv304 BTM CAB

**Proof of Service**

I, Melody A. Kramer, declare:  I am and was at the time of this service working within in the County of San Diego, California.  I am over the age of 18 year and not a party to the within action.  My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121.

On Friday, June 06, 2008, I served the following documents:

PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE LITIGATION PENDING THE
REEXAMINATIONS OF U.S. PATENT NO. 4,935,184

DECLARATION OF MELODY A. KRAMER IN SUPPORT OF OPPOSITION TO MOTION TO
STAY THE LITIGATION PENDING THE REEXAMINATIONS OF U.S. PATENT NO.
4,935,184

REQUEST FOR JUDICIAL NOTICE RE OPPOSITION TO MOTION TO STAY THE
LITIGATION PENDING THE REEXAMINATIONS OF U.S. PATENT NO. 4,935,184

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Jeffrey D. Lewin<br>Sullivan, Hill, Lewin, Rez & Engel<br>550 West "C" Street, Suite 1500<br>San Diego, CA 92101<br>lewin@shlaw.com | Metabo Corporation | Email--Pleadings Filed with the Court via CM/ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees.  The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

10.

1
2

X  (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

3
4

☐  (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

5
6

I declare that the foregoing is true and correct, and that this declaration was executed on Friday, June 06, 2008, in San Diego, California.

7
8

DATED this Friday, June 06, 2008.

9

/s/ Melody A. Kramer

10

Melody A. Kramer

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.

1

**APPENDIX A**

2

Non-Comprehensive List Of Reexaminations Lasting In Excess Of 7 Years
From Filing To Issuance Of Certificate

3

4

| Reexam Control No. | Years to Complete |
|---|---|
| 90/000,342 | 8.1 |
| 90/000,365 | 9.5 |
| 90/000,383 | 8.9 |
| 90/000,523 | 10.2 |
| 90/000,843 | 7.3 |
| 90/001,049 | 6.7 |
| 90/001,089 | 7.0 |
| 90/001,165 | 12.4 |
| 90/001,169 | 7.8 |
| 90/001,235 | 7.8 |
| 90/001,391 | 8.1 |
| 90/001,397 | 7.2 |
| 90/001,544 | 7.3 |
| 90/001,554 | 10.6 |
| 90/001,669 | 10.2 |
| 90/001,772 | 9.8 |
| 90/001,811 | 7.3 |
| 90/001,867 | 14.9 |
| 90/001,869 | 12.7 |
| 90/001,876 | 16.5 |
| 90/001,886 | 7.4 |
| 90/002,107 | 7.5 |
| 90/002,125 | 7.3 |
| 90/002,154 | 17.4 |
| 90/002,339 | 8.1 |
| 90/002,534 | 7.7 |
| 90/002,541 | 12.7 |
| 90/002,641 | 14.2 |
| 90/002,696 | 7.3 |
| 90/002,797 | 7.4 |
| 90/002,901 | 7.8 |
| 90/002,920 | 9.5 |
| 90/002,980 | 9.3 |

| | | |
|---|---|---|
| 1 | 90/003,101 | 7.4 |
| 2 | 90/003,184 | 7.8 |
| | 90/003,228 | 8.6 |
| 3 | 90/003,232 | 8.6 |
| | 90/003,233 | 8.6 |
| 4 | 90/003,270 | 8.6 |
| 5 | 90/003,346 | 7.2 |
| | 90/003,463 | 11.7 |
| 6 | 90/003,486 | 8.0 |
| 7 | 90/003,488 | 8.2 |
| | 90/003,487 | 7.9 |
| 8 | 90/003,612 | 8.3 |
| 9 | 90/003,646 | 7.6 |
| | 90/003,655 | 7.0 |
| 10 | 90/003,669 | 8.1 |
| 11 | 90/003,679 | 7.5 |
| | 90/003,684 | 10.9 |
| 12 | 90/003,765 | 7.4 |
| 13 | 90/003,782 | 7.9 |
| | 90/003,791 | 7.3 |
| 14 | 90/003,885 | 12.5 |
| 15 | 90/003,911 | 11,2 |
| | 90/003,991 | 7.4 |
| 16 | 90/003,996 | 10.2 |
| 17 | 90/003,998 | 10.7 |
| | 90/004,127 | 9.1 |
| 18 | 90/004,138 | 10.7 |
| 19 | 90/004,176 | 9.1 |
| | 90/004,248 | 8.6 |
| 20 | 90/004,385 | 8.1 |
| 21 | 90/004,386 | 8.1 |
| | 90/004,403 | 8.4 |
| 22 | 90/004,442 | 8.1 |
| 23 | 90/004,518 | 8.7 |
| | 90/004,524 | 7.5 |
| 24 | 90/004,529 | 7.1 |
| 25 | 90/004,574 | 7.8 |
| | 90/004,583 | 9.0 |
| 26 | 90/004,672 | 8.7 |
| 27 | 90/004,698 | 8.0 |
| 28 | 90/004,782 | 7.9 |

1

2

3

4

5

6

7

8

9

10

11

12

| | |
|---|---|
| 90/004,783 | 7.1 |
| 90/004,794 | 7.4 |
| 90/004,834 | 8.8 |
| 90/004,922 | 7.2 |
| 90/004,933 | 9.6 |
| 90/004,934 | 7.4 |
| 90/004,947 | 7.4 |
| 90/004,970 | 7.3 |
| 90/004,998 | 7.5 |
| 90/005,020 | 7.3 |
| 90/005,024 | 7.2 |
| 90/005,060 | 7.6 |
| 90/005,061 | 7.4 |
| 90/005,062 | 7.7 |
| 90/005,116 | 7.1 |
| 90/005,147 | 8.9 |
| 90/005,212 | 7.5 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 08cv304 BTM CAB

1

**APPENDIX B**

2

3

Non-Comprehensive List Of Uncompleted Reexaminations
Already Pending In Excess Of 7 Years From Filing

4

5

6

| Reexam Control No. | Years Pending[5] |
|---|---|
| 90/004,314 | 11.7 |
| 90/005,546 | 8.3 |
| 90/005,708 | 7.3 |
| 90/005,694 | 7.9 |
| 90/004,950 | 9.9 |
| 90/005,090 | 9.1 |
| 90/005,200 | 9.1 |
| 90/005,401 | 8.4 |
| 90/005,510 | 8.4 |
| 90/005,728 | 7.5 |
| 90/005,220 | 9.1 |
| 90/004,946 | 10.0 |
| 90/003,586 | 12.1 |
| 90/005,571 | 7.5 |
| 90/004,396 | 11.5 |
| 90/005,117 | 9.5 |
| 90/005,368 | 8.8 |
| 90/005,937 | 7.0 |
| 90/005,525 | 8.2 |
| 90/005,592 | 8.2 |
| 90/005,628 | 8.1 |
| 90/005,727 | 7.8 |
| 90/005,509 | 8.5 |
| 90/005,589 | 7.8 |
| 90/005,292 | 9.1 |
| 90/005,710 | 7.8 |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[5] Years pending has been calculated from the filing date to the date of the most recent event in the case and has not been corrected for additional passage of time since the last event, therefore, the actual pendency is longer than that listed.

28