SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
Jeffrey D. Lewin, SBN 68202
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for METABO CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>METABO CORPORATION, a Delaware Corporation; METABOWERKE GMBH A German Corporation; and DOES 1-100,<br><br>Defendants. | Case No. 08-cv-0304 BTM CAB<br><br>**METABO CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY THE LITIGATION PENDING REEXAMINATIONS OF U.S. PATENT NO. 4,935,184** |

Defendant Metabo Corporation ("Metabo") submits this reply memorandum in response to Plaintiff's Objection to Metabo's motion to stay this case pending the United States Patent and Trademark Office's ("PTO") reexaminations of U.S. Patent No. 4,935,184 (the "'184 patent").

I.

**Preliminary Statement**

In its motion to stay these proceedings, Metabo established that a stay pending reexamination of the '184 patent is appropriate based on the early stage of this case, the lack of prejudice to Plaintiff, and the fact that the PTO's findings will simplify the issues in this case. Further, Metabo identified five related cases which this Court stayed pending reexamination of the '184 patent, the same patent at issue in the present case. Since Metabo filed this motion, this Court has stayed at least fourteen additional cases pending reexamination of the '184 patent. Plaintiff has failed to

demonstrate why this case should be treated any differently than the others. It would be a waste of this Court's resources, as well as those of the parties, to litigate any issues in this case prior to reexamination because it is likely that the PTO will invalidate or significantly modify the scope of the claims in the '184 patent. In light of the stays granted by this Court in other pending cases involving Plaintiff and the '184 patent, Plaintiff will not be prejudiced by a stay of this case. Accordingly, this Court should grant Metabo's motion.

## II.

### Argument

**A.  Plaintiff Has Failed to Distinguish This Case From Others That Have Been Stayed Pending Reexamination of the '184 Patent.**

As discussed in Metabo's motion to stay, this Court already has stayed several related cases involving the '184 patent pending reexamination by the PTO. See Sorensen v. Black & Decker Corp., 2007 U.S. Dist. LEXIS 66712 (S.D. Cal. Sept. 10, 2007), attached as Exhibit C to the Declaration of Jeffrey Lewin filed in support of Metabo's motion to stay ("Lewin Declaration"); Sorensen v. Giant International, No. 07cv2121 (S.D. Cal. Feb. 28, 2008), attached as Exhibit D to the Lewin Declaration; Sorensen v. Esseplast (USA) NC, Inc., No. 07cv2277 (S.D. Cal. Mar. 19, 2008), attached as Exhibit E to the Lewin Declaration; Sorensen v. Energizer Holdings Inc., No. 07cv2321 (S.D. Cal. Mar. 19, 2008), attached as Exhibit F to the Lewin Declaration; Sorensen v. Helen of Troy, 07cv2278 (S.D. Cal. Feb. 28, 2008), attached as Exhibit G to the Lewin Declaration. Since Metabo filed its motion to stay, this Court has stayed at least fourteen additional cases involving the patent at issue.

In objecting to Metabo's motion to stay, Plaintiff has failed to establish why this Court should treat this case any differently from Plaintiff's other cases alleging infringement of the '184 patent. Certainly the timing of Metabo's motion to stay – filed before discovery has even begun – is not a distinction, since this Court found no injustice in ordering a stay one year after the commencement of the Black & Decker litigation despite the exchange of "substantial amounts of discovery." Exhibit C to the Lewin Declaration, at p. 6. Similarly, despite Plaintiff's claim that the *ex parte* nature of the proceeding before the PTO means that "a stay pending completion of the

reexamination will not simplify any issues," (Objection at p. 6), this Court already has determined in related cases that awaiting reexamination of the '184 patent will simplify litigation of Plaintiff's infringement claims because the parties and Court will have the benefit of the PTO's expertise on the subject patent. Exhibit C to the Lewin Declaration at pp. 8-9.

Plaintiff's Objection simply recycles his previously unsuccessful arguments that he will be unduly prejudiced by the delay. Plaintiff argues that he will be prejudiced by (1) the potential loss of evidence[1] and (2) the fact that, according to his own research, the PTO's reexamination of the '184 patent could take "in excess of seven years" and is unlikely to result in cancellation of all the claims of the patent. Objection at p. 2. However, as this Court stated in granting Black & Decker's motion to stay, although "[p]rotracted delay is always a risk inherent in granting a stay," the delay caused by a stay in proceedings pending reexamination of the '184 patent "is especially inconsequential where Plaintiff himself waited as many as twelve years before bringing the present litigation." Exhibit C to Lewin Declaration at p. 7 (citation omitted). In fact, in Black & Decker, this Court found that it was the *defendants* who "would potentially be prejudiced by *failing* to enter a stay" since any decision reached by this Court would not bind the PTO in its reexamination, raising the real possibility of inconsistent judgments for which defendants would have no legal recourse. Id. at pp. 7 - 8 (emphasis added) (citing Bausch & Lomb, Inc. v. Alcon Lab., Inc., 914 F. Supp. 951, 952 (W.D.N.Y. 1996)).

Because Plaintiff has failed to establish why the Court should deny a stay to Metabo when this Court repeatedly has found that the key factors of 1) stage of litigation; 2) undue prejudice; and 3) simplification of the issues, all militate in favor of a stay of litigation pending reexamination of

---

[1] However, Plaintiff fails to cite any "specific, valid reasons to believe that [he] needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay." See Sorensen v. Giant International, No. 07cv2121 (S.D. Cal. Feb. 28, 2008), attached as Exhibit D to the Lewin Declaration, at p. 1; see also Exhibit E to the Lewin Declaration at p. 1; Exhibit F to the Lewin Declaration at p. 1; Exhibit G to the Lewin Declaration at p. 2; see also Sorensen v. Star Asia USA, LLC, No. 08cv307, May 23, 2008 Order Granting Partial Stay at p. 2.

the '184 patent, this Court should grant Metabo's motion to stay. See Exhibit C to the Lewin Declaration at p. 5, (citing Xerox Corp. v. 3Com Corp., 69 F. Supp.2d 404, 406 (W.D.N.Y. 1999)).[2]

### B. Litigating Defenses to Plaintiff's Allegation of Infringement Is Illogical Given the Potential for a Finding of Patent Invalidity by the PTO.

Plaintiff appears to argue in the alternative that even if a stay of proceedings relating to the reexaminations is warranted, the Court should issue only a partial stay. Although this Court granted a partial stay in Black & Decker, the only exceptions to the stay were two pending motions. Exhibit C to Lewin Declaration at p. 10. No such motions are pending in this case. Nevertheless, Plaintiff argues that the parties should proceed to litigate procedural issues and affirmative defenses that do not fall within the "narrow spectrum" of reexamination, as well as some affirmative defenses which "partially overlap with the pending reexamination proceedings." Objection at pp. 3, 5. For example, Plaintiff argues that issues of venue and failure to state a claim should be litigated despite the pending reexaminations, citing this Court's May 23, 2008 order granting a partial stay in the Star Asia case, No. 08cv307. See Objection at p. 4. This argument lacks merit. First, in Star Asia, this Court did not permit the issue of Plaintiff's failure to state a claim to be litigated as an exception to the stay, and should not do so in this case. Second, as Metabo has no intention of challenging venue,

---

[2] Plaintiff's description of statistics pertaining to the reexamination process is both incomplete and inconsistent with the actual facts. For instance, plaintiff states that "only 10 percent of all re-examination requests granted by the PTO result in cancellation of all claims of a patent" referencing the Kramer declaration, paragraph 5 and Exhibit B thereto. Opposition at p. 1. Assuming that the plaintiff is referencing Section 8(b) of Exhibit B to the Kramer declaration entitled "Ex Parte Reexamination filing data - March 31, 2008", plaintiff fails to point out to the Court that the data in section 8(a) also indicates that reexamination certificates issued with all claims confirmed in *only* 26 percent of the cases. Since the present claims cannot be amended and must be either confirmed as is or canceled, there is, according to the statistics cited by plaintiff, a 74 percent chance of the claims being rejected and canceled completely.

Plaintiff further states that he "has conducted its own research and found over 90 completed re-examinations that took in excess of seven years to complete" and "many other re-examinations for which no certificate has yet issued after many years in the re-examination process" referencing Appendix A and B to the Opposition. Opposition at p. 2. However, Exhibit B to the Kramer declaration entitled "Ex Parte Reexamination filing data - March 31, 2008", Section 1 and footnote 1 indicates that as of March 31, 2008 over 9250 re-examination requests have been filed and therefore, the number of reexaminations (both completed and not completed) cited by the plaintiff (approximately 116) as taking "in excess of seven years" or "many years" is in fact only 1 percent of the total number of reexamination requests filed since the start of the Ex Parte reexamination process.

::ODMA\PCDOCS\PCDOCS\285233\1    4    Case No. 08-cv-0304 BTM CAB

DEFENDANT METABO CORPORATION'S REPLY MEMORANDUM TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO STAY THE LITIGATION PENDING REEXAMINATIONS OF U.S. PATENT NO. 4,935,184

there is no reason to carve out an exception to the stay for that issue.[3]

Other than the Star Asia case, plaintiff cites no authority in support of his argument that litigation of Metabo's affirmative defenses should proceed. Most likely, the lack of precedent is due to the fact that the notion of litigating defenses to a potentially groundless claim is illogical. Moreover, permitting the parties to proceed with discovery and litigation of Metabo's defenses of patent invalidity and unenforceability (see Objection at p. 5) pending the PTO's reexamination of the '184 patent directly contradicts this Court's repeated finding that a stay of proceedings is warranted because "'[o]ne purpose of the reexamination procedure is to eliminate trial of [the issue of patent claim validity]". See Exhibit C to the Lewin Declaration at p. 8 (quoting Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983), cert. denied, 464 U.S. 935 (1983)); see also Cygnus Telecomms. Tech., LLC v. United World Telecom, L.C., 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) ("If the USPTO cancels any of the 21 claims asserted in the two patents, infringement and validity issues that could potentially be raised in any of the multiple litigations consolidated before this court would be resolved."). Similarly, why should Metabo and this Court be required to expend resources to litigate the question of whether Plaintiff's claims are barred by laches, estoppel or waiver given the possibility that the PTO will find the '184 patent is invalid? Plaintiff does not explain the benefit of litigating affirmative defenses at this time, nor does he explain why delaying resolution of such matters would cause him any greater prejudice than staying the entirety of the litigation – which this Court repeatedly has held will not cause undue prejudice to Plaintiff, who will retain the right to seek monetary damages for infringement should the PTO uphold the validity of the '184 patent. The only persons who would benefit from a partial stay would be the lawyers who are paid for their time, and their gain would come at the expense of the Court and the parties.

---

[3] Plaintiff has not yet served co-defendant Metabowerke GMBH,, a German corporation. Metabo cannot comment on Metabowerke GMBH's position with respect to the question of venue or personal jurisdiction.

## III.

## CONCLUSION

For the foregoing reasons, this case should be stayed pending the outcome of the reexaminations of the '184 patent.

Respectfully submitted:

METABO CORPORATION

SULLIVAN HILL LEWIN REZ & ENGEL

Date: June 13, 2008

By: /s/ Jeffrey D. Lewin

Jeffrey D. Lewin
550 West C Street, Suite 1500
San Diego, CA 92101
(619) 233-4100
lewin@shlaw.com

OF COUNSEL:

COOK, LITTLE, ROSENBLATT & MANSON, p.l.l.c.
Arnold Rosenblatt
650 Elm Street
Manchester, NH 03101
(603) 621-7102

BOURQUE & ASSOCIATES, P.A.
Daniel J. Bourque
835 Hanover Street, Suite 303
Manchester, NH 03104
(603) 623-5111

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
Jeffrey D. Lewin, SBN 68202
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for METABO CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>METABO CORPORATION, a Delaware Corporation; METABOWERKE GMBH A German Corporation; and DOES 1-100,<br><br>Defendants. | Case No. 08-cv-0304 BTM CAB<br><br>**PROOF OF SERVICE** |

I am employed in the City and County of San Diego by the law firm of Sullivan Hill Lewin Rez & Engel, 550 West C Street, Suite 1500, San Diego, California 92101. I am over the age of 18 and not a party to this action.

On June 13, 2008, I served the attached document(s):

**METABO CORPORATION'S MEMORANDUM IN REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO STAY THE LITIGATION PENDING REEXAMINATIONS OF U.S. PATENT NO. 4,935,184**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except for facsimile transmission), addressed as shown below, for service as designated below:

A.   **BY U.S. MAIL.** I am readily familiar with Sullivan, Hill, Lewin, Rez & Engel's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of

::ODMA\PCDOCS\PCDOCS\282356\1                                     1

PROOF OF SERVICE

service, with postage fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

B. **BY FACSIMILE** machine pursuant to Rule 2008(e). The recipient's name and fax number that I used are as shown below. The facsimile machine that I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), a transmission report was properly issued by the transmitting facsimile machine.

C. **OVERNITE EXPRESS.** I caused such envelopes to be deposited in the Overnite Express Drop Box at San Diego, California.

I am personally and readily familiar with the business practice of this office for collection and processing correspondence for Overnite Express mailing. Under that practice it would be dropped in the drop box for the Overnite Express Service on that same day at San Diego, California in the ordinary course of business.

D. **FEDERAL EXPRESS.** I caused such envelopes to be deposited in the Federal Express Drop Box at San Diego, California.

I am personally and readily familiar with the business practice of this office for collection and processing correspondence for Federal Express mailing. Under that practice it would be dropped in the drop box for the Federal Express Service on that same day at San Diego, California in the ordinary course of business.

E. **BY PERSONAL SERVICE.** I delivered such envelope by hand to the offices of the addressee.

| SERVICE | ADDRESSEE | PARTY |
|---|---|---|
| A. | Melody A. Kramer<br>Kramer Law Office, Inc.<br>9930 Mesa Rim Road, Ste. 1600<br>San Diego, CA 92121<br>858-362-3150 | Jens Erik Sorenson, et al. |
|  | J. Michael Kaler<br>Kaler Law Offices<br>9930 Mesa Rim Road, Suite 200<br>San Diego, CA 92121<br>Tel: 858-362-3151 |  |

Executed on June 13, 2008 at San Diego, California.

/s/ Jeffrey D. Lewin
Jeffrey D. Lewin

::ODMA\PCDOCS\PCDOCS\282356\1

2

PROOF OF SERVICE