SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
Jeffrey D. Lewin, SBN 68202
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for METABO CORPORATION

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>METABO CORPORATION, a Delaware Corporation; METABOWERKE GMBH A German Corporation; and DOES 1-100,<br><br>Defendants. | Case No. 08-cv-0304 BTM CAB<br><br>**METABO CORPORATION'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Metabo Corporation ("Metabo"), solely on behalf of itself and not for any other party, answers plaintiff's Complaint for Patent Infringement ("Complaint") as follows:

### THE PARTIES

1. Metabo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint and therefore denies them.

2. Metabo admits the allegations of Paragraph 2 of the Complaint.

3. Metabo admits the allegations of Paragraph 3 of the Complaint.

4. Metabo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint and therefore denies them.

5. Metabo admits that it is a wholly owned but separate subsidiary of Metabowerke GMBH. Except as expressly admitted, Metabo denies each and every allegation of Paragraph 5 of

the Complaint.

## JURISDICTION AND VENUE

6. Metabo admits that plaintiff purports to bring this lawsuit under the statutes referred to in Paragraph 6 of the Complaint. Except as expressly admitted, Metabo denies each and every allegation of Paragraph 6 of the Complaint.

7. Metabo admits that the statutes cited govern venue and admits that venue in this district is proper. Except as expressly admitted, Metabo denies each and every allegation of Paragraph 7 of the Complaint.

8. Metabo admits that this Court has personal jurisdiction over it. Except as expressly admitted, Metabo denies each and every allegation of Paragraph 8 of the Complaint.

## CLAIM FOR RELIEF

9. Metabo repeats and incorporates by reference its answers to Paragraphs 1 through 8 above as though fully set forth herein.

10. Metabo admits the allegations of Paragraph 10 of the Complaint.

11. Metabo denies each and every allegation of Paragraph 11 of the Complaint.

12. Metabo admits that it sold one or more of the products referred to in Paragraph 12 of the Complaint. Except as expressly admitted, Metabo denies each and every allegation of Paragraph 12 of the Complaint.

13. Metabo admits that it has not obtained a license from plaintiff with respect to the '184 patent. Except as expressly admitted, Metabo denies each and every allegation of Paragraph 13 of the Complaint.

14. Metabo admits that the '184 patent was issued on June 19, 1990. Except as expressly admitted, Metabo denies each and every allegation of Paragraph 14 of the Complaint.

15. Metabo admits that on October 3, 2007, it received a letter from plaintiff alleging that it was "substantially likely" that the plastic housing of a least one of defendant's BSP 12 V and 15.6 V plus cordless drill/drivers was fabricated utilizing a process that infringed the '184 patent. Except as expressly admitted, Metabo denies each and every allegation of Paragraph 15 of the Complaint.

16. Metabo admits that it sells products that have external plastic housings. Except as

expressly admitted, Metabo denies each and every allegation of Paragraph 16 of the Complaint.

17. Metabo denies each and every allegation of Paragraph 17 of the Complaint.

18. Metabo admits that it does not have a license from plaintiff under the '184 patent. Except as expressly admitted, Metabo denies each and every allegation of Paragraph 18 of the Complaint.

19. Metabo admits that on October 3, 2007, plaintiff provided Metabo with a communication including a drawing and a chart entitled "Claim Chart for Sorensen R&D Drawing D-5714". Except as expressly admitted, Metabo denies each and every allegation of Paragraph 19 of the Complaint.

20. Metabo denies each and every allegation of Paragraph 20 of the Complaint.

21. Metabo admits that the letter it received from plaintiff on October 3, 2007, requested information. Except as expressly admitted, Metabo denies each and every allegation of Paragraph 21 of the Complaint.

22. Metabo denies each and every allegation of Paragraph 22 of the Complaint.

23. Metabo denies each and every allegation of Paragraph 23 of the Complaint.

24. Metabo denies each and every allegation of Paragraph 24 of the Complaint.

25. Metabo denies each and every allegation of Paragraph 25 of the Complaint.

26. Metabo denies each and every allegation of Paragraph 26 of the Complaint.

27. Metabo denies each and every allegation of Paragraph 27 of the Complaint.

28. Metabo denies each and every allegation of Paragraph 28 of the Complaint.

29. Metabo denies each and every allegation of Paragraph 29 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

30. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

31. Metabo has not infringed, and the sale and/or offer for sale of any of Metabo's products does not constitute infringement of, any valid claim of the '184 patent.

### Third Affirmative Defense

32. Metabo does not induce or contribute to, and has not actively induced and/or contributed to, infringement of the '184 patent by others.

### Fourth Affirmative Defense

33. The claims of the '184 patent are invalid and/or unenforceable under 35 U.S.C. §102(b) on the grounds that the claimed invention was "known or used" by others prior to the named inventor of said patent.

### Fifth Affirmative Defense

34. The claims of the '184 patent are invalid and/or unenforceable under 35 U.S.C. §102(b) on the ground that the claimed invention was patented, described in a printed publication, in public use or was on sale more than one year prior to the date of the application for patent.

### Sixth Affirmative Defense

35. The claims of the '184 patent are invalid and/or unenforceable under 35 U.S.C. §103 on the ground that the claimed invention would have been obvious to one of ordinary skill in the art at the time that invention was made.

### Seventh Affirmative Defense

36. The '184 patent is invalid, void and/or unenforceable under one or more of sections 101, 102, 103, and 112 of Title 35 U.S.C.

### Eighth Affirmative Defense

37. Plaintiff's claims are barred by laches, estoppel and/or waiver.

### Ninth Affirmative Defense

38. Plaintiff is estopped from construing any claim of the '184 patent to cover or include any process, device, component or structure used, sold or offered for sale by Metabo because of positions taken during the prosecution before the United States Patent and Trademark Office of the application which resulted in the '184 Patent.

### Tenth Affirmative Defense

39. Metabo adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statue or regulation), to the extent the facts

known at this time would make any of said defenses available or facts developed in the future would make the same available. No affirmative defense is waived, including any defense of unenforceability based upon inequitable conduct before the United States Patent and Trademark Office in prosecution of the application leading to the '184 Patent, except for the affirmative defenses of improper venue and lack of personal jurisdiction..

**PRAYER FOR RELIEF**

WHEREFORE, Metabo requests the Court grant judgment as follows:

A. Dismissing the Complaint;

B. Awarding Metabo its attorney's fees and costs;

C. Ruling that plaintiff's patent is invalid and that, whether or not it is invalid, Metabo is not infringing; and

D. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Metabo requests a trial by jury on all issues triable to a jury.

Respectfully submitted:

METABO CORPORATION

Date: __July 10, 2008__   By: ___/s/ Jeffrey D. Lewin___
Jeffrey D. Lewin
Sullivan Hill Lewin Rez & Engel
550 West C Street, Suite 1500
San Diego, CA 92101
(619) 233-4100
lewin@shlaw.com

OF COUNSEL:

Bourque & Associates, P.A.            Cook, Little, Rosenblatt & Manson, p.l.l.c.
Daniel J. Bourque                     Arnold Rosenblatt
835 Hanover Street, Suite 301         650 Elm Street
Manchester, NH 03104                  Manchester, NH 03101
(603) 623-5111                        (603) 621-7102